**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Steven M. Skolnick, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
Shirley Dai, Esq.
Anthony De Leo, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Kid Brands, Inc., *et al.*,[1] | Case No. 14 – 22582 (    ) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND APPOINTMENT OF RUST CONSULTING/OMNI BANKRUPTCY AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their proposed counsel, submit this application (the "**Application**") for entry of an order substantially in the form submitted herewith authorizing the retention and appointment of Rust Consulting/Omni Bankruptcy ("**Rust Omni**") as claims and noticing agent for the Debtors, effective as of the Petition Date (defined below). In support of this Application, the Debtors submit the *Declaration of Paul H. Deutch in Support of Debtors' Application for*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Kid Brands, Inc. (5337); Kids Line, LLC (0448); Sassy, Inc. (9722); I&J Holdco, Inc. (1543); LaJobi, Inc. (1450); CoCaLo, Inc. (3844); and RB Trademark Holdco, LLC (0611). The Debtors' corporate headquarters are located at 301 Route 17 North, 6th Floor, Rutherford, New Jersey 07070.

*Entry of an Order Authorizing the Retention and Appointment of Rust Consulting/Omni Bankruptcy as Claims and Noticing Agent Effective as of the Petition Date* (the "**Deutch Declaration**") and the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith, and respectfully state as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012 (Simandle, C.J.).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicate for the relief requested herein is section 156(c) of title 28 of the United States Code, the applicable Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

## BACKGROUND

3.     On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of United States Code (the "**Bankruptcy Code**").

4.     The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Application, no trustee, examiner or creditors' committee has been requested or appointed.

5.     Additional background facts surrounding the commencement of these Chapter 11 Cases are more fully described in the First Day Declaration.

## RELIEF REQUESTED

6.     By this Application, the Debtors seek an order pursuant to section 156 of title 28 of the United States Code authorizing the retention and appointment of Rust Omni as

claims and noticing agent for the Debtors, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Rust Consulting/Omni Bankruptcy Retention Letter, by and between the Debtors and Rust Omni (the "**Services Agreement**"), a copy of which is attached to the proposed order as **Exhibit 1**.  The Debtors' selection of Rust Omni to act as the claims and noticing agent has satisfied the *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156*, which has been adopted by this Court, in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process.   Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Rust Omni's rates are competitive and reasonable given Rust Omni's quality of services and expertise.

7.     Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be hundreds of entities to be noticed.  In view of the number of anticipated claimants, the complexity of the Debtors' businesses, and the magnitude of parties who would be receiving notice in these cases from the Clerk's Office of the United States Bankruptcy Court for the District of New Jersey (the "**Clerk's Office**"), the Debtors submit that the appointment of a claims and noticing agent is both necessary and in the best interests of the Debtors' estates and their creditors.  By appointing Rust Omni as the claims and noticing agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Clerk's Office will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

## RUST OMNI'S QUALIFICATIONS

8.     Rust Omni is one of the country's leading chapter 11 administrators with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases.  Rust Omni has substantial experience in matters of this size and complexity, and has provided identical or substantially similar services in other chapter 11 cases.  *See, e.g.*, *In re Gridway Energy Holdings, et al.*, Case No. 14-10833 (Bankr. D. Del. Apr. 10, 2014); *In re Restora Healthcare Holdings, LLC, et al.*, Case No. 14-10367

(Bankr. D. Del. Feb. 24, 2014); *In re First Mariner Bancorp*, Case No. 14-11952 (Bankr. D. Md. Feb. 10, 2014); *In re HDOS Enterprises*, Case No. 14-12028 (Bankr. C.D. Cal. Feb. 3, 2014); *In re FAH Liquidating Corp., et al.*, Case No. 13-13087 (Bankr. D. Del. Nov. 22, 2013); *In re SGK Ventures, LLC*, Case No. 13-37603 (Bankr. N.D. Ill. Sep. 24, 2013).

9.    The Debtors believe that their estates and creditors will benefit from Rust Omni's retention and that Rust Omni is fully equipped to handle the volume of mailing involved in properly sending the required notices to, and processing the claims of, creditors and other parties in interest in these Chapter 11 Cases.

<u>**SERVICES TO BE PROVIDED**</u>

10.    Rust Omni, at the request of the Debtors or the Clerk's Office, may perform claims and noticing services for the Debtors in accordance with the terms of the Services Agreement including, but not limited to, the following services (collectively, the "<u>**Claims and Noticing Services**</u>"):

a.    Prepare and serve required notices and documents in the Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of the Chapter 11 Cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or the Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Cases;

b.    Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

c.    Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; and update said

lists and make said lists available upon request by a party-in-interest or the Clerk;

d.   Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify such potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e.   Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f.   For all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

g.   Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h.   Maintain the official claims register for each Debtor (the "**Claims Registers**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (vi) the applicable Debtor, and (vii) any disposition of the claim;

i.   Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

j.   Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

k.   Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to Rust's offices, not less than weekly;

l.      Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

m.      Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register;

n.      Assist in the dissemination of information to the public and respond to requests for administrative information regarding the Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

o.      If the Chapter 11 Cases are converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to Rust of entry of the order converting the Chapter 11 Cases;

p.      Thirty (30) days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed Order dismissing Rust and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

q.      Within seven (7) days of notice to Rust of entry of an order closing the Chapter 11 Cases, provide to the Court the final versions of the Claims Registers as of the date immediately before the close of the Chapter 11 Cases; and

r.      At the close of these Chapter 11 Cases, box and transport all original documents, in proper format, as provided by the Clerk's Office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location requested by the Clerk's Office.

11.      The Claims Registers shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by Rust Omni.

12.      Rust Omni shall not employ any past or present employee of the Debtors for work that involves the Debtors' Chapter 11 Cases.

13.      This Application pertains only to services to be provided by Rust Omni under delegation of duties permitted by 28 U.S.C. § 156 and does not seek approval for Rust

Omni to perform any services outside of this scope.  However, the Debtors reserve the right to seek to retain Rust Omni to perform additional services pursuant to section 327 of the Bankruptcy Code.

<u>**COMPENSATION**</u>

14.     Prior to the filing of the Chapter 11 Cases, the Debtors paid Rust Omni a retainer of $15,000.  The fees and expenses that Rust Omni will charge in connection with its services to the Debtors are set forth in the Services Agreement.

15.     The Debtors believe that the fees and expenses that would be incurred by Rust Omni are administrative in nature and should not be subject to the standard fee application procedures for professionals.  As such, the Debtors respectfully request that the undisputed fees and expenses incurred by Rust Omni in the performance of the Claims and Noticing Services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156 and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.  Rust Omni agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if appointed, and any party-in-interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if a resolution is not achieved, the parties may seek resolution of the dispute by the Court.

16.     Rust Omni will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156.

## **RUST OMNI'S DISINTERESTEDNESS**

17.     Although, pursuant to this Application, the Debtors do not propose to retain Rust Omni under section 327 of the Bankruptcy Code,[2] Rust Omni has nonetheless reviewed its electronic database to determine whether it has any relationships with the entities provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Deutch Declaration, Rust Omni has represented that it neither holds nor represents any interest materially adverse to the Debtors, their estates or their creditors, with respect to matters upon which it is to be engaged, and that it is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.  Rust Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such disclosure.

18.     In connection with its retention as claims and noticing agent, Rust Omni represents that:

a.     Rust Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in these Chapter 11 Cases;

b.     by accepting employment in these Chapter 11 Cases, Rust Omni waives any right to receive compensation from the United States government in its capacity as the claims and noticing agent in these Chapter 11 Cases;

c.     in its capacity as the claims and noticing agent in these Chapter 11 Cases, Rust Omni is not an agent of the United States and is not acting on behalf of the United States; and

d.     Rust Omni will not employ any past or present employees of the Debtors in connection with its work as the claims and noticing agent in these Chapter 11 Cases.

---

[2]     By separate application, the Debtors will seek to retain Rust Omni pursuant to section 327 of the Bankruptcy Code to perform certain administrative services.

**BASIS FOR RELIEF**

19.     Section 156 of title 28 of the United States Code, which governs the

staffing and expenses of bankruptcy courts, authorizes the Court to use "facilities" or "services"

other than the Clerk's Office for administration of bankruptcy cases.  It states as follows:

> Any court may utilize facilities or services, either on or off
> the court's premises, which pertain to the provision of
> notices, dockets, calendars, and other administrative
> information to parties in cases filed under the provisions of
> title 11, United States Code, where the costs of such
> facilities or services are paid for out of the assets of the
> estate and are not charged to the United States.  The
> utilization of such facilities or services shall be subject to
> such conditions and limitations as the pertinent circuit
> council may prescribe.

28 U.S.C. § 156(c).

20.     To help manage noticing, claims administration, and other administrative

tasks with respect to the numerous creditors and other parties in interest that are expected to be

involved in these Chapter 11 Cases, the Debtors seek an order appointing Rust Omni as the

claims and noticing agent pursuant to 28 U.S.C. § 156(c) to relieve the Court and the Clerk's

Office of the heavy administrative burdens described above.

21.     Furthermore, the Debtors respectfully submit that the fees and expenses

that would be incurred by Rust Omni under the proposed engagement would be administrative in

nature and, therefore, should not be subject to the standard fee application procedures for

professionals.

**WAIVER OF MEMORANDUM OF LAW**

22.     Because the legal points and authorities upon which this Application relies

are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request

that the requirement of the service and filing of a separate memorandum of law pursuant to Local

Rule 9013-2 be deemed waived.

## NO PRIOR REQUEST

23.     No previous motion for the relief sought herein has been made to this or to any other court.

## NOTICE

24.     Notice of this Application has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Debtors' consolidated thirty largest unsecured creditors; (iii) counsel for the Prepetition Senior Lender and DIP Lender, c/o Choate, Hall & Stewart LLP, Attn: John F. Ventola, Esq., Two International Place, Boston, MA 02110; (iv) those parties listed on the Debtors' Core Service List; and (v) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated:  June 18, 2014

                                        **KID BRANDS, INC.,** *et al.*
                                        *Chapter 11 Debtors and Debtors-in-Possession*


                                        By: */s/ Glenn Langberg*
                                             Glenn Langberg
                                             Chief Restructuring Officer