**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Steven M. Skolnick, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
Shirley Dai, Esq.
Anthony De Leo, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Kid Brands, Inc., *et al.*,[1] | Case No. 14 – 22582 (   ) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF 360 MERCHANT SOLUTIONS LLC
AS CONSULTANT AND SALES AGENT TO THE DEBTORS
EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their proposed counsel, submit this application (the "**Application**") for entry of an order substantially in the form submitted herewith authorizing the retention and employment of 360 Merchant Solutions LLC ("**360 Merchant**") as the Debtors' consultant and sales agent, effective as of the Petition Date (defined below), pursuant to the engagement letter (the "**360 Merchant Agreement**") attached to the proposed order as **Exhibit 1**. In support of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Kid Brands, Inc. (5337); Kids Line, LLC (0448); Sassy, Inc. (9722); I&J Holdco, Inc. (1543); LaJobi, Inc. (1450); CoCaLo, Inc. (3844); and RB Trademark Holdco, LLC (0611). The Debtors' corporate headquarters are located at 301 Route 17 North, 6th Floor, Rutherford, New Jersey 07070.

this Application, the Debtors submit the *Declaration of Stephen G. Miller in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of 360 Merchant Solutions LLC as Consultant and Sales Agent to the Debtors Effective as of the Petition Date* (the "**Miller Declaration**") and the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith, and respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court under Title 11* dated as of September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 327, 328 and 1107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

## BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of New Jersey (the "**Court**").

4. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee, examiner or creditors' committee has been requested or appointed.

5. Additional information regarding the Chapter 11 Cases can be found in the First Day Declaration.

**RELIEF REQUESTED**

6.   By this Application, the Debtors seek authorization to retain and employ 360 Merchant as a consultant and sales agent to the Debtors in these Chapter 11 Cases. Accordingly, the Debtors respectfully request the entry of an order pursuant to sections 327(a), 328 and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Debtors to employ and retain 360 Merchant as a consultant and sales agent to the Debtors, effective as of the Petition Date.

7.   The Debtors selected 360 Merchant to serve as their consultant and sales agent because of 360 Merchant's significant experience in strategic marketing and sales of distressed assets as they relate to debtors' and creditors' rights, insolvency, debt restructuring, and corporate reorganization, as well as 360 Merchant's involvement in numerous other cases, including proceedings under Chapter 11 of the Bankruptcy Code before this Court. Accordingly, and as more fully set forth in the Miller Declaration, the Debtors believe that 360 Merchant is well-qualified and able to represent them in these Chapter 11 Cases.

**SCOPE OF SERVICES**

8.   By this Application, the Debtors seek approval to retain 360 Merchant as a consultant and sales agent to the Debtors. 360 Merchant's services (collectively, the "**Services**") to be rendered include but are not limited to:[2]

- Consulting with the Debtors and their advisors on the formulation of a strategic asset disposition program with respect to (i) on-hand and on-order inventory of LaJobi, Inc. and any other inventory designated by the Debtors for liquidation (the "**Liquidation Inventory**") and (ii) the following asset categories only upon the written request of the Debtors: (a) inventory that is not otherwise designated as Liquidation Inventory; (b) accounts receivable; (c) furniture, fixtures and equipment; (d) license agreements; and (e) intellectual property (the "**Non-Liquidation Assets**");

- Sale transaction activities, including the preparation of due diligence and related offering materials and the evaluation of any offers for the Liquidation Inventory and the Non-Liquidation Assets (in the event

---

[2]   The Application includes a summary of the terms of 360 Merchant's engagement. The attached 360 Merchant Agreement shall control in all respects.

-3-

> Services are requested by the Debtors with respect to the Non-Liquidation Assets), that may be received;
>
> - Coordinating and mitigating return, allowance and exchange programs with the Debtors' retailers;
>
> - Coordinate the closure and related asset disposition for certain of the Debtors' facilities; and
>
> - Assisting with the disposition of other assets as may be acquired by the Debtors.

9. It is essential for the Debtors to continue to employ an experienced consultant and sales agent to provide the foregoing services.

10. Accordingly, the Debtors submit that the Court should authorize the Debtors to retain and employ 360 Merchant in accordance with the terms set forth in the 360 Merchant Agreement.

## FEES AND TERMS OF RETENTION

11. The current fee structure for 360 Merchant's compensation is set forth in the supporting Miller Declaration. 360 Merchant will be paid, on a monthly basis (i) a monthly fee in the amount of $25,000 per month of this engagement (the "**Monthly Fee**"), plus an amount equal to the invoice cost for the services of Maura Russell, who is being retained by 360 Merchant as a special consultant in this matter, and whose hourly rate is $525.00 (the "**Russell Fees**", and together with the Monthly Fees, the "**360 Merchant Base Fees**").

12. In addition to the 360 Merchant Base Fees and reimbursement of 360 Merchant Expenses (defined below), 360 Merchant shall be entitled to an asset disposition fee (the "**Asset Disposition Fee**"), as follows: (i) with respect to the Liquidation Inventory, 360 Merchant shall be entitled to a fee in an amount equal to three percent (3%) of the aggregate purchase price paid by the purchaser(s) of the Liquidation Inventory (the **"Liquidation Inventory Disposition Fee**"); and (ii) with respect to the Non-Liquidation Assets, to the extent that one or more Designated Services are requested by the Debtors, in writing, with respect to a category of Non-Liquidation Assets (collectively, the "**Designated 360 Services Assets**"), and (x) the aggregate purchase price paid by the purchaser(s) of such Designated 360 Services

-4-

Assets, plus the proceeds paid by the purchaser(s) of the Liquidation Inventory (net of the Liquidation Inventory Disposition Fee) (the "**Aggregate Asset Sale Proceeds**") is less than $45 million, then 360 Merchant shall be entitled to receive an asset disposition fee equal to one-half of one percent (0.5%) of the Aggregate Asset Sale Proceeds; or (y) to the extent that the Aggregate Asset Sale Proceeds is greater than $45 million then 360 Merchant shall be entitled to receive an asset disposition fee equal to one percent (1%) of the Aggregate Asset Sale Proceeds (as applicable, the "**Designated 360 Asset Disposition Fee**").  For the avoidance of doubt, to the extent that the Debtors dispose of an item of Non-Liquidation Assets that is not a Designated 360 Services Assets, then the proceeds from the disposition of such asset shall not be included for purposes of calculating the amount of the Designated 360 Asset Disposition Fee.

13. Prior to the Petition Date, the Debtors paid to 360 Merchant a retainer in the amount of $50,000 (the "**Retainer**") to be used as security for the services 360 Merchant is to provide under the 360 Merchant Agreement.  However, 360 Merchant is entitled to retain the Retainer the retainer balance on an "evergreen" basis, such that the Debtors will replenish the Retainer from time to time in order to maintain it at $50,000.

14. The Debtors will also reimburse 360 Merchant for reasonable out-of-pocket expenses it incurs in connection with its services under the 360 Merchant Agreement, including travel- related costs (collectively, the "**360 Merchant Expenses**" and, together with the 360 Merchant Base Fees and the Designated 360 Asset Disposition Fee, the "**Fee Schedule**").

15. Finally, 360 Merchant will be indemnified and held harmless by the Debtors from and against any and all losses, reasonable expenses, actual direct damages, penalties, costs, or claims of any kind or nature whatsoever that may be imposed on, incurred by or asserted against 360 Merchant arising out of or in any way relating to 360 Merchant's services or the consulting arrangement contemplated in the 360 Merchant Agreement; provided, however, that the Debtors shall not be liable for any of the foregoing arising from the gross negligence, breach of fiduciary duty, self-dealing or willful misconduct of 360 Merchant; provided, further,

however, that all requests by 360 Merchant for payment of indemnity pursuant to the 360 Merchant Agreement shall be made by means of an application (interim or final, as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the 360 Merchant Agreement and is reasonable based upon the circumstances of the claim, litigation or settlement in respect of which indemnity is sought.

16. 360 Merchant understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, and any orders entered by the Court. The Debtors have been advised by 360 Merchant that, Except with respect to the time charges for Maura Russell (who will maintain and submit detailed time records in one-tenth-of-an-hour increments as customarily kept by professionals who are compensated subject to approval of the Court ("**Detailed Time Records**"), 360 Merchant's consultants do not maintain Detailed Time Records. Given the nature and scope of the Services being provided and the Fee Structure set forth in the 360 Merchant Agreement (as summarized above), the Debtors and 360 Merchant request that in lieu of submitting Detailed Time Records, the Court allow 360 Merchant's professionals to provide the following in its monthly fee statement, interim and final fee applications: (a) a request for payment of Monthly Fee for each month of the engagement; (b) Detailed Time Records for any Russell Fees sought for such period; (c) narrative summary of the Designated Services provided with respect to the Liquidation Inventory and each category of Non-Liquidation Assets, if any, for which 360 Merchant seeks payment of an Asset Disposition Fee; and (d) as an exhibit to each interim and final fee application that 360 Merchant files in these Chapter 11 Cases, a summary calculation of any Asset Disposition Fee that is being sought in such statement or application. The Debtors and 360 Merchant believe that given the nature of the services to be provided by 360 Merchant, such billing format and associated details will be sufficient for the Debtors and other parties in interest to make informed judgments regarding the nature and appropriateness of 360 Merchant's services and fees.

17. Except with respect to its receipt of the Retainer, 360 Merchant has not received any payments from the Debtors in conjunction with the proposed services set forth herein.

## 360 MERCHANT'S DISINTERESTEDNESS

18. The Debtors submit that the retention of 360 Merchant under the terms described herein is appropriate under sections 327, 328 and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code, made applicable by section 1107 of the Bankruptcy Code, empowers a debtor-in-possession, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent them or assist the debtor-in-possession in carrying out its duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

19. Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

20. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

21. To the best of the Debtors' knowledge, the partners, directors and managers of 360 Merchant do not have any connection with the Debtors, their creditors, or any other party-in-interest, or their respective attorneys, except to the extent set forth in the Miller

Declaration. Accordingly, the Debtors submit that 360 Merchant does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code. However, 360 Merchant understands that it has a continuing obligation to make certain disclosures pursuant to § 327 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

22. Furthermore, section 328(a) of the Bankruptcy Court authorizes the employment of a professional person "on any reasonably terms and conditions of employment, including on a retainer, on an hourly basis . . . ." 11 U.S.C. § 328(a). The Debtors negotiated the 360 Merchant Agreement, a commercially reasonable compensation and employment agreement, at arms'-length. The Debtors request approval of the 360 Merchant Agreement, including the compensation provisions pursuant to Bankruptcy Code section 328(a).

23. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, and such other procedures as may be fixed by order of this Court, the Debtors request that 360 Merchant be compensated on a monthly basis plus reimbursement of actual and necessary expenses incurred by 360 Merchant.

## **WAIVER OF MEMORANDUM OF LAW**

24. Because the legal points and authorities upon which this Application relies are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-2 be deemed waived.

## **NO PRIOR REQUEST**

25. No previous motion for the relief sought herein has been made to this or to any other court.

## **NOTICE**

26. Notice of this Application has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Debtors' consolidated thirty largest unsecured creditors; (iii) counsel for the Prepetition Senior Lender and DIP Lender, c/o Choate,

-9-

Hall & Stewart LLP, Attn: John F. Ventola, Esq., Two International Place, Boston, MA 02110; (iv) those parties listed on the Debtors' Core Service List; and (v) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated:  June 18, 2014

                **KID BRANDS, INC.,** *et al.*
                *Chapter 11 Debtors and Debtors-in-Possession*

By: */s/ Glenn Langberg*
     Glenn Langberg
     Chief Restructuring Officer