Order Filed on
6/23/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Steven M. Skolnick, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
Shirley Dai, Esq.
Anthony De Leo, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

In re:

Kid Brands, Inc., *et al.*, [1]

        Debtors.

Chapter 11

Case No. 14 - 22582 (DHS)

(Joint Administration Requested)

**CORRECTED INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364
AND 507 (1) APPROVING POSTPETITION FINANCING, (2) AUTHORIZING USE OF
CASH COLLATERAL, (3) GRANTING LIENS AND PROVIDING SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS, (4) GRANTING ADEQUATE PROTECTION,
(5) MODIFYING AUTOMATIC STAY, AND (6) SCHEDULING A FINAL HEARING**

      The relief set forth on the following pages, numbered 2 through 46, is hereby

**ORDERED.**

**DATED: 6/23/2014**

_____
Honorable Donald H. Steckroth
United States Bankruptcy Judge

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Kid Brands, Inc. (5337); Kids Line, LLC (0448); Sassy, Inc. (9722); I&J Holdco, Inc. (1543); LaJobi, Inc. (1450); CoCaLo, Inc. (3844); and RB Trademark Holdco, LLC (0611). The Debtors' corporate headquarters are located at 301 Route 17 North, 6th Floor, Rutherford, New Jersey 07070.

Page:    2
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

THIS MATTER having come before the Court upon the motion (the "**DIP Motion**") by Kid Brands, Inc., a New Jersey corporation, Kids Line, LLC, a Delaware limited liability company, Sassy, Inc., an Illinois corporation, I&J Holdco, Inc., a Delaware corporation, LaJobi, Inc., a Delaware corporation, Cocalo, Inc., a California corporation, and RB Trademark Holdco, LLC, a Delaware limited liability company, each as a debtor and debtor in possession (collectively the "**Debtors**") in the above-captioned Chapter 11 cases (collectively, the "**Cases**"), pursuant to Sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d) and 507 of title 11 of the United States Code, (11 U.S.C. §§ 101 *et seq.*, as amended, the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-4 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "**Local Rules**"), seeking entry of an interim order (this "**Interim Order**") *inter alia*:

(i)    authorizing, under Section 364(c) and 364(d) of the Bankruptcy Code and Bankruptcy Rule 4001(c), the Debtors to obtain, as co-borrowers (collectively, the "**Borrowers**"), secured, superpriority post-petition loans, advances and other financial accommodations (the "**DIP Facility**") on an interim basis for a period through and including the date of the Final Hearing (as defined below), in accordance with this Order and the Budget (as defined herein) and pursuant to the terms and conditions of that certain Debtor-In-Possession Credit Agreement (as amended, supplemented, restated, or otherwise modified from time to time, the "**DIP Credit Agreement**") by and among the Debtors, the Lenders party thereto (the "**DIP Lenders**" and each a "**DIP Lender**"), and Salus Capital Partners, LLC, as Administrative and Collateral Agent (the "**DIP Agent**") for the DIP Lenders, substantially in the form of <u>Exhibit A</u> hereto; and

Page:   3
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

(ii)       authorizing the Debtors to execute and deliver the DIP Credit Agreement and all

other related documents and agreements, including security agreements, deposit account control

accounts, pledge agreements, guaranties and promissory notes (collectively, the "**DIP Loan**

**Documents**") and to perform such other acts as may be necessary or desirable in connection with

the DIP Loan Documents;[2] and

(iii)       granting the DIP Facility and all obligations owing thereunder and under the DIP

Loan Documents to the DIP Agent (collectively, and including all "Obligations" as described in

the DIP Credit Agreement, respectively, and, together, the "**DIP Obligations**") allowed

superpriority administrative expense claim status pursuant to Bankruptcy Code Section 364(c)(1)

in each of the Cases and any Successor Cases (as defined herein), subject to the priorities set

forth herein; and

(iv)       authorizing the Debtors to use "Cash Collateral," as defined in Section 363(a) fo

the Bankruptcy Code, that the Debtors are holding or may obtain, pursuant to Bankruptcy Code

Section 361 and 363 and Bankruptcy Rules 4001(b) and 6004; and

(v)       granting to the DIP Agent automatically perfected security interests in and liens

on all of the DIP Collateral (as defined herein), including, without limitation, all property

constituting "Cash Collateral," as defined in section 363(a) of the Bankruptcy Code, which liens

shall be subject to the priorities set forth herein; and

(vi)       authorizing and directing the Debtors to pay the principal, interest, fees, expenses

and other amounts payable under each of the DIP Loan Documents as they become due,

including, without limitation, continuing commitment or unused line fees, collateral audit fees,

monitoring and exit fees, the reasonable fees and disbursements of the DIP Agent's attorneys,

---

[2]       Capitalized terms used but not defined have the meanings given to them in the DIP Loan
Documents.

Page:    4
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

advisers, accountants, and other consultants, and all related expenses of the DIP Agent, all to the

extent provided by and in accordance with the terms of the respective DIP Loan Documents; and

(vii)    authorizing and directing the Debtors to pay the Prepetition Senior Obligations (as

defined herein), subject to the rights of parties in interest described in paragraphs 35 and 36 of

this Interim Order; and

(viii)    vacating and modifying the automatic stay imposed by section 362 of the

Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of

the DIP Loan Documents and this Interim Order; and

(ix)    granting the Prepetition Senior Agent the Adequate Protection Liens and the

Adequate Protection Superpriority Claims account of the Surviving Obligations (each as defined

herein) based on the priming of its liens and subordination of its claims to those of the DIP

Agent; and

(x)    waiving any applicable stay as provided in the Bankruptcy Rule and providing for

the immediate effectiveness of this Interim Order; and

(xi)    scheduling a final hearing (the "**Final Hearing**") to consider the relief requested

in the DIP Motion and approving the form of notice with respect to the Final Hearing.

The Court having considered the DIP Motion, the First Day Declaration, in support of the

Chapter 11 petitions and first day motions, including the DIP Motion, the exhibits attached

thereto, the DIP Loan Documents, and the evidence submitted or adduced and the arguments of

counsel made at the interim hearing held on the DIP Motion (the "**Interim Hearing**"); and

notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 4001(b),

(c) and (d), 9014, and Local Rule 4001-4; and the Interim Hearing to consider the interim relief

requested in the DIP Motion having been held and concluded; and all objections, if any, to the

interim relief requested in the DIP Motion having been withdrawn, resolved or overruled by the

*Approved by Judge Donald H. Steckroth June  23, 2014*

Page:   5
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
    Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
    and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
    (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

Court; and it appearing to the Court that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Final Hearing, and otherwise is fair and reasonable and in the best interests of the Debtors, their estates, and their creditors and equity holders, and is essential for the continued operation of the Debtors' businesses; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING BY THE DEBTORS, INCLUDING THE SUBMISSIONS OF DECLARATIONS AND THE REPRESENTATIONS OF COUNSEL, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    *Petition Date*.  On June 18, 2014 (the "**Petition Date**"), each of the Debtors filed a separate voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "**Court**") commencing these Cases.

B.    *Debtors in Possession*.  The Debtors are continuing in the management and operation of their businesses and properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

C.    *Jurisdiction and Venue*.  This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby. Consideration of the DIP Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Cases and proceedings on the DIP Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    *Committee Formation*.  As of the date hereof, the Office of the United States Trustee (the "**U.S. Trustee**") has not yet appointed any official committee in these Cases pursuant to Section 1102 of the Bankruptcy Code (each, a "**Statutory Committee**").

Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

E.   *Debtors' Stipulations*.   After consultation with their attorneys and financial advisors, and without prejudice to the rights of parties in interest as set forth in paragraph 35 herein, the Debtors (on behalf of and for themselves) admit, stipulate, acknowledge and agree that (collectively, paragraphs E(i) through E(v) below are referred to herein as the "**Debtors' Stipulations**"):

(i)   *Prepetition Senior Credit Documents*.  As of the Petition Date, the Debtors had outstanding secured debt to Salus Capital Partners, LLC, as administrative agent and collateral agent (in such capacity, the "**Prepetition Senior Agent**") for various lenders, pursuant to that certain Credit Agreement dated as of December 21, 2012, by and among the Debtors, the lenders from time to time party thereto (the "**Prepetition Senior Lenders**"; the Prepetition Senior Agent and the Prepetition Senior Lenders are collectively referred to herein as the "**Prepetition Senior Creditors**") and the Prepetition Senior Agent (as amended, modified and supplemented from time to time, the "**Prepetition Senior Credit Agreement**" and together with all related documents, guaranties and agreements, the "**Prepetition Senior Credit Documents**").

(ii)   *Prepetition Senior Obligations*.  As of June 18, 2014, the aggregate outstanding principal amount owed by the Debtors under the Prepetition Senior Credit Documents was not less than $44,437,238.46 (collectively, together with any interest, fees, costs and other charges or amounts paid, incurred or accrued prior to the Petition Date in accordance with the Prepetition Senior Credit Documents, including all "Obligations" as described in the Prepetition Senior Credit Agreement, and all interest, fees, costs and other charges allowable under Section 506(b) of the Bankruptcy Code, the "**Prepetition Senior Obligations**"). As more fully set forth in the Prepetition Senior Credit Documents, prior to the Petition Date, the Debtors granted first-priority security interests in and liens on substantially all personal property of the Debtors, including accounts, inventory, equipment and general intangibles (as more fully set

Page:    7
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

forth in the Prepetition Senior Credit Documents, the "**Prepetition Collateral**") to the

Prepetition Senior Agent (collectively, the "**Prepetition Senior Liens**") to secure repayment of

the Prepetition Senior Obligations.

   (iii) *Validity, Perfection and Priority of Prepetition Liens and Obligations*.

The Debtors (for themselves and their estates only, and without limiting the rights of other

parties in interest under paragraphs 35 and 36 of this Interim Order), and the Prepetition Senior

Creditors acknowledge and agree that:  (a) as of the Petition Date, the Prepetition Senior Liens

on the Prepetition Collateral are valid, binding, enforceable, non-avoidable and properly

perfected, (b) as of the Petition Date, the Prepetition Senior Liens have priority over any and all

other liens, if any, on the Prepetition Collateral, subject only to certain other liens otherwise

permitted by the Prepetition Senior Credit Documents (to the extent any such permitted liens

were valid, binding, enforceable, properly perfected, non-avoidable and senior in priority to the

Prepetition Senior Liens as of the Petition Date, the "**Prepetition Permitted Liens**") and

otherwise had priority over any and all other liens on the Prepetition Collateral;[3] (d) the

Prepetition Senior Obligations constitute legal, valid, binding, and non-avoidable obligations of

the Debtors; (e) no offsets, challenges, objections, defenses, claims or counterclaims of any kind

or nature to any of the Prepetition Senior Liens or the Prepetition Senior Obligations exist, and

no portion of the Prepetition Senior Liens or the Prepetition Senior Obligations is subject to any

---

[3] For purposes of this Interim Order, Prepetition Permitted Liens shall include all liens that
were valid, senior, enforceable, nonavoidable, and perfected under applicable law as of the
Petition Date.  Nothing herein shall constitute a finding or ruling by this Court that any such
Prepetition Permitted Liens are valid, senior, enforceable, perfected or non-avoidable.
Moreover, nothing shall prejudice the rights of any party in interest including, but not limited, to
the Debtors, the DIP Agent, and any Statutory Committee to challenge the validity, priority,
enforceability, seniority, avoidability, perfection or extent of any such Prepetition Permitted Lien
and/or security interest.

Page:   8
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

challenge or defense including, without limitation, avoidance, disallowance, disgorgement, recharacterization, or subordination (whether equitable or otherwise) pursuant to the Bankruptcy Code or applicable non-bankruptcy law; (f) the Debtors and their estates have no claims, objections, challenges, causes of actions, and/or choses in action, including without limitation, avoidance claims under Chapter 5 of the Bankruptcy Code, against any of the Prepetition Senior Creditors or any of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors or employees arising out of, based upon or related to the Prepetition Senior Credit Documents; (g) as of the Petition Date, the value of the Prepetition Collateral securing the Prepetition Senior Obligations exceeded the amount of those obligations, and accordingly the Prepetition Senior Obligations are allowed secured claims within the meaning of Section 506 of the Bankruptcy Code, in a principal amount of not less than $44,437,238.46 as of June 18, 2014, together with accrued and unpaid and hereafter accruing interest, fees (including, without limitation, attorneys' fees and related expenses), costs and other charges, including $100,000 to secure contingent indemnification obligations arising under or related to the Prepetition Senior Credit Documents.

(iv)    *Cash Collateral*.  The Debtors represent that all of the Debtors' cash, including the cash in their deposit accounts, wherever located, whether as original collateral or proceeds of other Prepetition Collateral, constitute Cash Collateral and is Prepetition Collateral of the Prepetition Senior Creditors.

(v)    *Default by the Debtors*.  The Debtors acknowledge and stipulate that the Debtors are in default under each of the Prepetition Senior Credit Documents.

F.    <u>*Findings Regarding the Postpetition Financing*</u>.

(i)    *Request for Postpetition Financing*.  The Debtors have requested from the DIP Agent and the DIP Lenders, and the DIP Agent and the DIP Lenders are willing to extend,

Page:    9
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

the DIP Facility on the terms and conditions described herein and in the DIP Loan Documents,

including but not limited to the condition of repayment of the Prepetition Senior Obligations, and

to permit use Cash Collateral on the terms and conditions described herein to administer their

Cases and fund their operations.  At the Final Hearing, the Debtors will seek final approval of the

proposed postpetition financing arrangements and use of Cash Collateral arrangements pursuant

to a proposed final order (the "**Final Order**"), which shall be in form and substance acceptable

to the DIP Agent and the DIP Lenders.  Notice of the Final Hearing and Final Order will be

provided in accordance with this Interim Order.

(ii)    *Immediate Need for Postpetition Financing and Use of Cash Collateral*.
The Debtors' need to use Cash Collateral and to obtain credit pursuant to the DIP Facility is

immediate and critical in order to enable the Debtors to continue operations and to administer

and preserve the value of their estates.  The ability of the Debtors to finance their operations,

maintain business relationships, to pay their employees, protect the value of their assets and

otherwise finance their operations requires the availability of working capital from the DIP

Facility and the use of Cash Collateral, the absence of either of which would immediately and

irreparably harm the Debtors, their estates, their creditors and equity holders, and the possibility

for a successful administration of these Cases.  The Debtors do not have sufficient available

sources of working capital and financing to operate their businesses or to maintain their

properties in the ordinary course of business without the DIP Facility and authorized use of Cash

Collateral.

(iii)    *No Credit Available on More Favorable Terms*.  Given their current
financial condition, financing arrangements, and capital structure, the Debtors are unable to

obtain financing from sources other than the DIP Agent on terms more favorable than the DIP

Facility.  The Debtors have been unable to obtain unsecured credit allowable under Bankruptcy

Page:    10
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

Code Section 503(b)(1) as an administrative expense.  The Debtors have also been unable to

obtain credit:  (a) having priority over that of administrative expenses of the kind specified in

Sections 503(b), 507(a) and 507(b) of the Bankruptcy Code; (b) secured by a lien on property of

the Debtors and their estates that is not otherwise subject to a lien; or (c) secured solely by a

junior lien on property of the Debtors and their estates that is subject to a lien.  Financing on a

postpetition basis is not otherwise available without granting the DIP Agent, (1) perfected

security interests in and liens on (each as provided herein) all of the Debtors' existing and after-

acquired assets with the priorities set forth herein, (2) superpriority claims, and (3) the other

protections set forth in this Interim Order.

        (iv)    *Use of Proceeds of the DIP Facility*.  As a condition to entry into the DIP

Credit Agreement, the extensions of credit under the DIP Facility and the authorization to use

Cash Collateral, the DIP Agent requires, and the Debtors have agreed, that proceeds of the DIP

Facility shall be used (a) for the repayment in full in cash of the Prepetition Senior Obligations

on the Closing Date (other than contingent indemnification obligations) as provided in that

certain payoff letter prepared by the Prepetition Senior Agent (the "**Payoff Letter**", a copy of

which has been approved by the DIP Agent), and, (b) in a manner consistent with the terms and

conditions of the DIP Loan Documents and in accordance with the budget (a copy of which is

attached as Exhibit B hereto, as the same may be modified from time to time consistent with the

terms of the DIP Loan Documents, and subject to such variances as may be permitted thereby,

the "**Budget**"), solely for (i) post-petition operating expenses and other working capital, (ii)

certain transaction fees and expenses, (iii) permitted payment of costs of administration of the

Cases, including professional fees, and (iv) as otherwise permitted under the DIP Loan

Documents, as applicable.  The repayment of the Prepetition Senior Obligations in accordance

with this Interim Order and the Payoff Letter is necessary, as the Prepetition Senior Agent has

Page:   11
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

not otherwise consented to the use of its Cash Collateral or the subordination of its liens to the

DIP Liens, and the DIP Agent is not willing to provide the DIP Facility unless the Prepetition

Senior Obligations (other than contingent indemnification obligations) are paid in full upon the

closing of the DIP Facility (subject to the terms of the Payoff Letter and this Interim Order).

Such payments will not prejudice the Debtors or their estates, because payment of such amounts

is subject to the rights of parties in interest under paragraphs 35 and 36 herein.

(v)  *Application of Proceeds of DIP Collateral*.  As a condition to entry into

the DIP Loan Documents, the extension of credit under the DIP Facility, and the authorization to

use Cash Collateral, the Debtors and the DIP Agent have agreed that the proceeds of DIP

Collateral (as defined herein) shall be applied in accordance with paragraph 19 of this Interim

Order.

G.  *Adequate Protection*.

(i)  The Debtors shall pay to the Prepetition Senior Agent the amounts

required under the Payoff Letter upon closing of the DIP Facility. Because of such payment, and

the provisions of the Payoff Letter, there is no need to provide adequate protection to the

Prepetition Senior Agent or the Prepetition Senior Lenders, other than Adequate Protection Liens

(as defined herein) to secure the "Surviving Obligations" (as defined in the Payoff Letter) and

Adequate Protection Superpriority Claims (as defined herein) with respect to the Surviving

Obligations.  For the avoidance of doubt, the Adequate Protection Liens and the Adequate

Protection Superpriority Claims each shall be junior in all respects to the DIP Liens and the DIP

Carve Out, and the Adequate Protection Superpriority Claims are junior in all respects to the DIP

Superpriority Claim (as defined herein).

H.  *Sections 506(c) and 552(b)*.  In light of the DIP Agent's agreement to subordinate

its liens and superpriority claims, as applicable, to the DIP Carve Out (as defined herein), upon

Page:   12
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption:  Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

entry of the Final Order, the DIP Agent is entitled to a waiver of (a) the provisions of Section

506(c) of the Bankruptcy Code, and (b) any "equities of the case" claims under Section 552(b) of

the Bankruptcy Code.

     I.     <u>*Good Faith of the DIP Agent.*</u>

     (i)     *Willingness to Provide Financing.*  The DIP Agent has indicated a

willingness to provide financing to the Debtors subject to:  (a) the entry of this Interim Order and

the Final Order; (b) approval of the terms and conditions of the DIP Facility and the DIP Loan

Documents and the payoff of the Prepetition Senior Obligations; and (c) entry of findings by this

Court that such financing is essential to the Debtors' estates, that the DIP Agent is extending

credit to the Debtors pursuant to the DIP Loan Documents in good faith, and that the DIP

Agent's claims, superpriority claims, security interests, liens, rights, and other protections

granted pursuant to this Interim Order and the DIP Loan Documents will have the protections

provided in Section 364(e) of the Bankruptcy Code and will not be affected by any subsequent

reversal, modification, vacatur, amendment, reargument or reconsideration of this Interim Order

or any other order.

     (ii)     *Business Judgment and Good Faith Pursuant to Section 364(e).*  The

terms and conditions of the extension of credit under the DIP Facility and this Interim Order are

fair, just and reasonable under the circumstances, are ordinary and appropriate for secured

financing to debtors-in-possession, reflect the Debtors' exercise of prudent business judgment

consistent with their fiduciary duties, and are supported by reasonably equivalent value and

consideration.  The DIP Facility and the use of Cash Collateral were negotiated in good faith and

at arms' length among the Debtors and the DIP Agent, with all parties being represented by

counsel.  The use of Cash Collateral and credit to be extended under the DIP Loan Documents

shall be deemed to have been so allowed, advanced, made, used or extended in good faith, and

Page:    13
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

for valid business purposes and uses, within the meaning of Section 364(e) of the Bankruptcy

Code, and the DIP Agent is therefore entitled to the protection and benefits of Section 364(e) of

the Bankruptcy Code and this Interim Order.

J.      *Notice*.  Notice of the Interim Hearing and the emergency relief requested in the

DIP Motion has been provided by the Debtors, whether by facsimile, email, overnight courier or

hand delivery, to certain parties in interest, including:  (i) the U.S. Trustee for the District of New

Jersey; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the

parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (v)

counsel to the Prepetition Senior Agent; (vi) the Pension Benefit Guaranty Corporation

("**PBGC**"); (vii) the U.S. Attorney's Office for the District of New Jersey; (viii) the U.S.

Attorney's Office; (ix) the U.S. Attorney General's Office; (x) the New Jersey Attorney

General's Office; and (xi) the Consumer Product Safety Commission.  Under the circumstances,

the Notice given by the Debtors of the Motion, the Interim Hearing and the relief granted under

this Order constitutes due and sufficient notice thereof and complies with Bankruptcy Rule

4001(c) and Local Rule 4001-4, and no other or further notice is or shall be required.

K.      *Immediate Entry*.  Sufficient cause exists for immediate entry of this Order

pursuant to Bankruptcy Rule 4001(c)(2).

Based upon the foregoing findings and conclusions, the DIP Motion and the record

before the Court with respect to the DIP Motion, and good and sufficient cause appearing

therefor,

IT IS HEREBY ORDERED that:

1.      Interim Financing Approved.  The DIP Motion is granted on an interim basis, the

Interim Financing (as defined herein) is authorized and approved on an interim basis, and the use

Page:    14
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

of Cash Collateral on an interim basis is authorized, subject to the terms and conditions set forth

in this Interim Order.

2.      <u>Objections Overruled</u>.  All objections to the Interim Financing to the extent not

withdrawn or resolved are hereby overruled.

**DIP Facility Authorization**

3.      <u>Authorization of the DIP Financing, DIP Loan Documents and Payoff Letter</u>.  The

Debtors are expressly and immediately authorized, empowered to execute and deliver the DIP

Loan Documents and the Payoff Letter, to incur and to perform the DIP Obligations in

accordance with, and subject to the terms of this Interim Order, the DIP Loan Documents, the

Payoff Letter and the Budget, to deliver all instruments and documents that may be necessary or

required for performance by the Debtors under the DIP Facility and the creation and perfection

of the DIP Liens described in and provided for by this Interim Order and the DIP Loan

Documents, and, subject to the rights of third parties pursuant to paragraphs 35 and 36 below, to

pay and perform all obligations under the Payoff Letter in accordance with the terms set forth

therein and in this Interim Order, including to provide for (x) the releases in favor of each of the

Prepetition Senior Creditors and their related parties and (y) repayment in full in cash of the

Prepetition Senior Obligations (other than the Surviving Obligations).  The Debtors are hereby

authorized to pay the principal, interest, fees, expenses and other amounts described in the DIP

Loan Documents as such become due and without need to obtain further Court approval,

including, without limitation, unused facility fees, continuing commitment fees, monitoring and

exit fees, collateral audit fees, the reasonable fees and disbursements of the DIP Agent's and the

DIP Lenders' attorneys, advisers, accountants, and other consultants, whether or not the

transactions contemplated hereby are consummated, all to the extent provided in the DIP Loan

Documents, with invoices to be provided in accordance with paragraph 28 below.  All

Page:    15
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
        Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
        and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
        (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

collections and proceeds, whether from ordinary course collections, asset sales, debt issuances, insurance recoveries, condemnations or otherwise, will be deposited and applied as required by this Interim Order and the DIP Loan Documents.  Upon execution and delivery, the DIP Loan Documents shall represent valid and binding, and joint and several, obligations of the Debtors, enforceable against each of the Debtors and their estates in accordance with their terms.  Upon execution and delivery, the Payoff Letter shall represent a valid and binding obligation of the Debtors, enforceable against each of the Debtors and their estates in accordance with their terms, but subject only to the rights of third parties pursuant to paragraphs 35 and 36 below.

4.    <u>Authorization to Borrow</u>.  Until the Termination Date (as defined in the DIP Credit Agreement), and subject to the terms, conditions, limitations on availability and reserves set forth in the DIP Loan Documents, the DIP Facility, and this Interim Order, and in order to prevent immediate and irreparable harm to the Debtors' estates, the Debtors are hereby authorized to request extensions of revolving credit under the DIP Facility (the "**<u>Interim Financing</u>**").

5.    <u>DIP Obligations</u>.  The DIP Loan Documents and this Interim Order shall constitute and evidence the validity and binding effect of the Debtors' DIP Obligations, which DIP Obligations shall be enforceable against the Debtors, their estates and any successors thereto, including without limitation, any trustee or other estate representative appointed in the Cases, or any case under Chapter 7 of the Bankruptcy Code upon the conversion of any of the Cases (collectively, "**<u>Successor Cases</u>**").  Upon entry of this Interim Order, the DIP Obligations will include all loans and any other indebtedness or obligations, contingent or absolute, which may now or from time to time be owing by any of the Debtors to the DIP Agent and the DIP Lenders under the DIP Loan Documents or this Interim Order, including, without limitation, all

Page:   16
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

principal, accrued interest, costs, fees, expenses and other amounts owed pursuant to the DIP

Loan Documents, and shall be joint and several obligations of the Debtors in all respects.

6.     <u>Postpetition Liens and Collateral</u>.

(a)     Effective immediately upon the entry of this Interim Order and the

payment of the Payoff Amount (as defined in the Payoff Letter), pursuant to sections 364(c)(2),

364(c)(3), and 364(d) of the Bankruptcy Code, the DIP Agent (for itself and the ratable benefit of

the DIP Lenders party to the DIP Loan Documents) is hereby granted, continuing valid, binding,

enforceable, non-avoidable and automatically and properly perfected postpetition security

interests in and liens on (collectively, the "**DIP Liens**") any and all presently owned and

hereafter acquired assets and real and personal property of the Debtors, including, without

limitation, the following (the "**DIP Collateral**"):

(i)     all Accounts[4];

(ii)    all Goods, including Equipment, Inventory and Fixtures;

(iii)   all Documents, Instruments and Chattel Paper;

(iv)    all Letters of Credit and Letter-of-Credit Rights;

(v)     all Securities Collateral;

(vi)    all Investment Property;

(vii)   all Intellectual Property Collateral;

(viii)  all Commercial Tort Claims;

---

[4]     All defined terms in the description of DIP Collateral shall have the meanings ascribed
thereto in the DIP Loan Documents.  All terms not specifically defined in the DIP Loan
Documents shall have the meanings ascribed to such terms in Article 8 or 9 of the Uniform
Commercial Code, as applicable.

Page:    17
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

(ix)    all General Intangibles (including, without limitation, all Payment Intangibles);

(x)    all Deposit Accounts (including, without limitation, the Concentration Account);

(xi)    all Supporting Obligations;

(xii)    all money, cash or cash equivalents;

(xiii)    all credit balances, deposits and other property now or hereafter held or received by or in transit to the DIP Agent or at any other depository or other institution from or for the account of any Debtor, whether for safekeeping, pledge, custody, transmission, collection or otherwise;

(xiv)    all proceeds of leases of real property and all owned real property;[5]

(xv)    effective upon the entry of the Final Order, all claims or causes of action or the proceeds thereof to avoid a transfer of property (or an interest in property) or an obligation incurred by the Debtors pursuant to any applicable section of the Bankruptcy Code, including, without limitation, chapter 5 and section 724(a) of the Bankruptcy Code (the "**Avoidance Actions**");

(xvi)    effective upon the entry of the Final Order, the Debtors' rights under Section 506(c) and Section 550 of the Bankruptcy Code and the proceeds thereof;

(xvii)    to the extent not otherwise described above, all receivables and all present and future claims, rights, interests, assets and properties recovered by or on behalf of any Debtor;

---

[5]    For the avoidance of doubt, the DIP Liens extend only to the proceeds of leased real property and are not direct liens on the Debtors' leases of real property unless such liens are expressly permitted pursuant to the underlying lease documents.

Page:   18
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

(xviii)  all books, records, and information relating to any of the foregoing and/or to the operation of any Debtor's business, and all rights of access to such books, records, and information, and all property in which such books, records and information are stored, recorded and maintained; and

(xix)   to the extent not otherwise included, all Proceeds, tort claims, insurance claims, contract rights, rights to the payment of money, and other rights to payment not otherwise included in the foregoing and products of the foregoing and all accessions to, substitutions and replacements for, and rents and profits of, each of the foregoing.

(b)    Effective upon the entry of the Interim Order and the payment of the Payoff Amount, all DIP Liens and the DIP Carve Out (as defined herein) shall each be and remain at all times senior to the Prepetition Senior Liens, and all existing blocked account agreements, deposit account control agreements, securities account control agreements, credit card acknowledgements, credit card agreements, collateral access agreements, landlord agreements, warehouse agreements, bailee agreements, carrier agency agreements, customs broker agency agreements, subordination agreements and freight forwarder agreements constituting Prepetition Senior Credit Documents, and all existing filings with the United States Patent and Trademark Office or the United States Copyright Office with respect to the recordation of an interest in the intellectual property of the Debtors which were filed by the Prepetition Senior Agent, shall be deemed to be delivered and/or filed in connection with the DIP Facility, shall constitute DIP Credit Documents and shall remain in full force and effect without any further action by the Debtors, the DIP Agent or any other person, and any and all references in any such agreements or documents to the "Credit Agreement" shall hereafter be deemed to mean and refer to the DIP Credit Agreement, and any and all references in any such agreements or documents to the "Loan Documents" shall hereafter be deemed to mean and refer to the DIP

Page:   19
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

Credit Documents, in each case as amended, modified, supplemented or restated and in effect
from time to time.

     7.    <u>DIP Lien Priority</u>.

     (a)    *DIP Liens*.  The DIP Liens shall be junior only to the (i) DIP Carve Out,
and (ii) the Prepetition Permitted Liens, and effective upon the payment of the Payoff Amount
shall otherwise be senior in priority and superior to the Prepetition Senior Liens, the Adequate
Protection Liens (as defined herein) and Adequate Protection Superpriority Claims (as defined
herein) and any other security, mortgage, collateral interest, lien or claim on or to any of the DIP
Collateral.

     (b)    Other than as set forth herein or as further ordered by the Court, the DIP
Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or
hereinafter granted in the Cases or any Successor Cases.  The DIP Liens shall be valid and
enforceable against any trustee or other estate representative appointed in the Cases or any
Successor Cases, upon the conversion of any of the Cases to cases under Chapter 7 of the
Bankruptcy Code (or in any other Successor Cases), and/or upon the dismissal of any of the
Cases or Successor Cases.  The DIP Liens shall not be subject to challenge under Sections 510,
549, or 550 of the Bankruptcy Code.  No lien or interest avoided and preserved for the benefit of
the estate pursuant to Section 551 of the Bankruptcy Code shall be *pari passu* with or senior to
the DIP Liens.

     (c)    *Prepetition Liens*.  For the avoidance of doubt, effective upon payment of
the Payoff Amount, the Prepetition Senior Liens shall be junior to the (i) DIP Carve Out; (ii) DIP
Liens; (iii) the Adequate Protection Liens described in paragraph 12 below; (iv) the Adequate
Protection Superpriority Claims; and (v) Prepetition Permitted Liens.  For the avoidance of

Page:    20
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

doubt, effective upon payment of the Payoff Amount, the Prepetition Senior Liens shall secure

only the Surviving Obligations.

8.      DIP Superpriority Claim.

(a)      *DIP Agent Superpriority Claim*.   Upon entry of this Interim Order and

payment of the Payoff Amount, the DIP Agent (for itself and the ratable benefit of the DIP

Lenders) is hereby granted, pursuant to Section 364(c)(1) of the Bankruptcy Code, an allowed

superpriority administrative expense claim in each of the Cases and any Successor Cases

(collectively, the "**DIP Superpriority Claim**") for all DIP Obligations.  Effective upon payment

of the Payoff Amount, the DIP Superpriority Claim shall be subordinate only to the DIP Liens,

the DIP Carve Out and Prepetition Permitted Liens, and shall otherwise have priority over any

and all administrative expenses of the kinds specified in or ordered pursuant to Bankruptcy Code

Sections 503(b) and 507(b), as provided under Section 364(c)(1) of the Bankruptcy Code.

(b)      *Priority of DIP Superpriority Claim.* Effective upon payment of the

Payoff Amount, the DIP Superpriority Claim shall be payable from and have recourse to all pre-

and post-petition property of the Debtors and all proceeds thereof, subject only to the payment in

full in cash of the DIP Obligations, the DIP Carve Out and amounts secured by the Prepetition

Permitted Liens.  If necessary, upon entry of the Final Order, the DIP Superpriority Claim shall

be payable from or have recourse to Avoidance Actions.

Page:    21
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
          Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
          and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
          (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

_____

9.      <u>No Obligation to Extend Credit</u>.  The DIP Agent and the DIP Lenders shall not have any obligation to make any loan or advance under the DIP Loan Documents unless all of the conditions precedent to the making of such extension of credit or the issuance of such letter of credit under the applicable DIP Loan Documents and this Interim Order have been satisfied in full or waived by the DIP Agent in its sole discretion.

10.      <u>Use of DIP Facility Proceeds</u>.  From and after the Petition Date, the Debtors shall use advances of credit under the DIP Facility only for the purposes specifically set forth in this Interim Order, the DIP Loan Documents, the Payoff Letter, and in compliance with the Budget, a copy of which has been delivered to the DIP Agent.

**<u>Authorization to Use Cash Collateral</u>**

11.      <u>Authorization to Use Cash Collateral</u>.  Subject to the terms and conditions of this Interim Order and the DIP Loan Documents, and in accordance with the Budget, the Debtors are authorized to use Cash Collateral until the Termination Date; <u>provided</u>, <u>however</u>, that during the Remedies Notice Period (as defined herein) the Debtors may use Cash Collateral in accordance with the terms and provisions of the Budget solely to meet payroll and to pay expenses critical to the preservation of the Debtors and their estates as agreed by the DIP Agent, in its sole discretion.   Nothing in this Interim Order shall authorize the disposition of any assets of the Debtors or their estates outside the ordinary course of business (which shall be subject to further Orders of this Court), or any Debtor's use of any Cash Collateral or other proceeds resulting therefrom, except as permitted in this Interim Order, the DIP Loan Documents, and in accordance with the Budget.

12.      <u>Payoff Letter and Adequate Protection Liens</u>.

(a)      *Prepetition Senior Agent – Payoff Letter*.  Each of the Debtors and the Prepetition Senior Agent shall comply with the terms and provisions of the Payoff Letter.  The

Page:    22
Debtor: In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
        Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
        and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
        (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Debtors' residual interest in any amounts payable or potentially payable to any of the Debtors under the terms of the Payoff Letter shall be subject to the DIP Liens in accordance with the priorities set forth in this Interim Order and the DIP Loan Documents.

(b)    *Prepetition Senior Agent – Adequate Protection Liens*.   The Prepetition Senior Agent (for itself and the ratable benefit of the Prepetition Senior Lenders) is hereby granted, pursuant to Bankruptcy Code Sections 361 and 363, valid and perfected replacement and additional security interests in, and liens on all of the Debtors' right, title and interest in, to and under all DIP Collateral (the "**Adequate Protection Liens**").   The Adequate Protection Liens granted to the Prepetition Senior Agent shall secure only the Surviving Obligations.   The Adequate Protection Liens are and shall be valid, binding enforceable and fully perfected as of the date hereof and subordinate and subject to (i) the DIP Liens, (ii) the Prepetition Permitted Liens, and (iii) the DIP Carve Out.

(c)    *Treatment of Adequate Protection Liens.*   Other than as set forth herein or as further ordered by the Court, the Adequate Protection Liens shall not be made subject to or *pari passu* with any lien or with any lien or security interest heretofore or hereinafter granted in conjunction with Section 363, 364 or any other Section of the Bankruptcy Code or other applicable law in the Cases or any Successor Cases.   The Adequate Protection Liens shall be valid and enforceable against any trustee or other estate representative appointed in the Cases or any Successor Cases, upon the conversion of any of the Cases to cases under Chapter 7 of the Bankruptcy Code (or in any other Successor Cases), and/or upon the dismissal of any of the Cases or Successor Cases.

13.    <u>Adequate Protection Superpriority Claims</u>.

(a)    *Superpriority Claim of Prepetition Senior Agent*.   As further adequate protection of the interests of the Prepetition Senior Agent with respect to the Surviving

Page:    23
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Obligation, the Prepetition Senior Agent is hereby granted (for itself and the ratable benefit of the Prepetition Senior Lenders) an allowed administrative claim against the Debtors' estates under Sections 503 and 507(b) of the Bankruptcy Code (the "**Adequate Protection Superpriority Claims**") to the extent that the Adequate Protection Liens does not adequately protect against any diminution in the value of the Prepetition Senior Agent's interests in the Prepetition Collateral.

(b)      *Priority of Adequate Protection Superpriority Claims*.   The Adequate Protection Superpriority Claim granted to the Prepetition Senior Agent shall be junior to the DIP Carve Out, Prepetition Permitted Liens, and the DIP Liens, the DIP Superpriority Claim and the Adequate Protection Liens and shall otherwise have priority over administrative expenses of the kinds specified in or ordered pursuant to Sections 503(b), and 507(b) of the Bankruptcy Code.

**Provisions Common to DIP Financing and Use of Cash Collateral Authorizations**

14.    <u>Amendments</u>.   The DIP Loan Documents may from time to time be amended, modified or supplemented by the parties thereto without notice or a hearing if:   (i) in the reasonable judgment of the Debtors and the DIP Agent, the amendment, modification, or supplement (A) is in accordance with the DIP Loan Documents, (B) is not prejudicial in any material respect to the rights of third parties, and (C) has been consented to by the DIP Agent, and (ii) a copy (which may be provided through electronic mail or facsimile) of the amendment, modification or supplement is provided to counsel for any Statutory Committee and the U.S. Trustee at least one (1) Business Day prior to the effective date of the amendment, modification or supplement.

15.    <u>Budget Maintenance</u>.   The Budget and any modification to, or amendment or update of, the Budget shall be in form and substance reasonably acceptable to the DIP Agent and approved by the DIP Agent in its sole discretion.   The Debtors shall comply with and update the

Page:   24
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

Budget from time to time in accordance with the DIP Loan Documents (provided that any update

shall be in form and substance reasonably acceptable to the DIP Agent and approved by the DIP

Agent in its sole discretion), but in any event not less than on a weekly basis (with delivery to the

DIP Agent on or before Wednesday of each week and to the United States Trustee and the

Statutory Committee, if any, each week after delivery to the DIP Agent).

16.    <u>Modification of Automatic Stay</u>.  The automatic stay imposed under Bankruptcy

Code Section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions

of this Interim Order, including, without limitation, to:  (a) permit the Debtors to grant the DIP

Liens, the Adequate Protection Liens, the DIP Superpriority Claim, and the Adequate Protection

Superpriority Claims; and (b) authorize the Debtors to pay, and the DIP Agent and Prepetition

Senior Creditors to retain and apply, payments made in accordance with the terms of this Interim

Order.

17.    <u>Perfection of DIP Liens and Adequate Protection Liens</u>.

(a)    *Automatic Perfection of Liens*.  This Interim Order shall be sufficient and

conclusive evidence of the validity, perfection, and priority of all liens granted herein including

the DIP Liens and the Adequate Protection Liens, without the necessity of filing or recording any

financing statement, mortgage, notice, or other instrument or document which may otherwise be

required under the law or regulation of any jurisdiction or the taking of any other action

(including, for the avoidance of doubt, entering into any blocked, lockbox or deposit account

control agreement, collateral access agreement, customs broker agreement or freight forwarding

agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP

Liens and the Adequate Protection Liens, or to entitle the DIP Agent or the Prepetition Senior

Creditors to the priorities granted herein.  Notwithstanding the foregoing, the DIP Agent is

authorized to file, as it in its sole discretion deems necessary, such financing statements,

Page:   25
Debtor: In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

mortgages, notices of liens and other similar documents to perfect in accordance with applicable

non-bankruptcy law or to otherwise evidence any of the DIP Liens, and all such financing

statements, mortgages, notices and other documents shall be deemed to have been filed or

recorded as of the Petition Date; provided, however, that no such filing or recordation shall be

necessary or required in order to create, perfect or enforce the DIP Liens.  The Debtors are

authorized to execute and deliver promptly upon demand to the DIP Agent all such financing

statements, mortgages, control agreements, notices and other documents as the DIP Agent may

reasonably request.  The DIP Agent, in its sole discretion, may file a photocopy of this Interim

Order as a financing statement with any filing or recording office or with any registry of deeds or

similar office, in addition to or in lieu of such financing statements, notices of lien or similar

instrument.  Should the DIP Agent choose and attempt to file, record or perform an act to perfect

the liens or security interests granted herein, no defect or failure in connection with such attempt

shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the

post-petition liens and security interests granted herein by virtue of the entry of this Interim

Order.

18.     Intentionally Omitted.

19.     Application of Proceeds of DIP Collateral.  As a condition to the entry into the

DIP Loan Documents, the extension of credit under the DIP Facility and the authorization to use

Cash Collateral, the Debtors have agreed that the proceeds of DIP Collateral shall be applied as

follows:

(a)     (i) all payments received by the DIP Agent in respect of any DIP

Obligation and all funds transferred and credited to the  "Concentration Account" maintained by

the Debtors at JPMorgan Chase Bank, N.A. and (ii) all net proceeds from any Disposition of DIP

Collateral, each shall be applied: *first*, to payment of fees, costs and expenses, including Credit

Page:    26
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
          Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
          and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
          (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

Party Expenses payable and reimbursable by the Debtors under the DIP Credit Agreement and the other DIP Loan Documents; *second*, to payment of interest with respect to the DIP Obligations, *third*, to payment of all other DIP Obligations in accordance with the DIP Loan Documents; and *fourth*, to the Debtors' operating account, or for the account of and paid to whoever may be lawfully entitled thereto.

(b)      The Debtors shall not, directly or indirectly, voluntarily purchase, redeem, defease, prepay any principal of, premium, if any, interest or other amount payable in respect of any indebtedness prior to its scheduled maturity, other than the DIP Obligations and the Prepetition Senior Obligations (each in accordance with the DIP Loan Documents, the Payoff Letter and this Interim Order) and obligations authorized under the Debtors' "first-day" orders.

20.    <u>Proceeds of Subsequent Financing</u>.  If the Debtors, any trustee, any examiner with enlarged powers, any responsible officer or any other estate representative subsequently appointed in these Cases or any Successor Cases shall obtain credit or incur debt pursuant to Bankruptcy Code Sections 364(b), 364(c) or 364(d) in violation of the DIP Loan Documents at any time prior to the repayment in full of all DIP Obligations and the termination of the DIP Agent's and the DIP Lenders' obligations to extend credit under the DIP Facility, including subsequent to the confirmation of any plan of reorganization or liquidation with respect to any or all of the Debtors and the Debtors' estates, then all the cash proceeds derived from such credit or debt shall immediately be turned over to the DIP Agent to be applied as set forth in paragraph 19(a) herein;

21.    <u>Maintenance of DIP Collateral</u>.  Until the payment in full in cash of all DIP Obligations and the termination of the DIP Agent's and the DIP Lenders' obligations to extend credit under the DIP Facility, as provided therein, the Debtors shall:  (a) insure the DIP Collateral

Page:    27
Debtor: In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

as required under the DIP Facility; and (b) maintain the cash management system which has

been agreed to by the DIP Agent or as otherwise required by the DIP Loan Documents.

22.    <u>Disposition of DIP Collateral; Rights of DIP Agent</u>.  Unless otherwise authorized

by the Court, the Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any

portion of the DIP Collateral except as permitted by the DIP Loan Documents.   Nothing

provided herein shall limit the right of the DIP Agent or the DIP Lenders to object to any

proposed disposition of the DIP Collateral.

23.    <u>Intentionally Omitted</u>.

24.    <u>Termination Date</u>.  On the Termination Date, (i) all DIP Obligations shall be

immediately due and payable, and all commitments to extend credit under the DIP Facility will

terminate, and (ii) all authority to use Cash Collateral derived from the proceeds of DIP

Collateral shall cease, <u>provided</u>, <u>however</u>, that during the Remedies Notice Period (as defined

herein), the Debtors may use Cash Collateral solely as set forth in paragraph 11 herein.

25.    <u>Events of Default</u>.  The occurrence of an "Event of Default" under the DIP Credit

Agreement (unless the DIP Agent, in its sole discretion, elects to waive such Event of Default in

writting) shall constitute an event of default under this Interim Order (each, an "**<u>Event of</u>**

**<u>Default</u>**").

26.    <u>Rights and Remedies Upon Event of Default</u>.

(a)    *DIP Facility Termination.*    Immediately upon the occurrence and during

the continuance of an Event of Default, the DIP Agent may in its discretion (i) declare the DIP

Facility terminated (such declaration, a "**<u>Termination Declaration</u>**") or (ii) send a written

reservation of rights notice to the Debtors, which notice may advise the Debtors that any further

advances under the DIP Facility will be made in the sole discretion of the DIP Agent.  Upon the

issuance of a Termination Declaration, at the DIP Agent's option: (I) all or any portion of the

Page:    28
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

Commitment of the DIP Agent and the DIP Lenders to make loans or otherwise extend credit may be suspended or terminated; (II) all DIP Obligations may be deemed immediately due and payable; and (III) after three (3) Business Days from the Termination Declaration Date, any right or ability of the Debtors to use any Cash Collateral (other than as expressly set forth in this Interim Order during the Remedies Notice Period) may be terminated, reduced or restricted by the DIP Agent, provided that, during such three (3) Business Days period, the Debtors may use Cash Collateral in accordance with the Budget solely to meet payroll and to pay expenses critical to the preservation of the Debtors and their estates as agreed by the DIP Agent, in its sole and absolute discretion.  With respect to the DIP Collateral, following the Termination Declaration, subject to the Remedies Notice Period, the DIP Agent and the DIP Lenders may exercise all rights and remedies available to them under the DIP Loan Documents or applicable law against the DIP Collateral.  Without limiting the foregoing, the DIP Agent and the DIP Lenders may, subject to the Remedies Notice Period, (i) enter onto the premises of any Debtor in connection with an orderly liquidation of the DIP Collateral; and/or (ii) exercise any rights and remedies provided to DIP Agent and the DIP Lenders under the DIP Loan Documents or at law or equity, including all remedies provided under the Bankruptcy Code and pursuant to this Interim Order and the Final Order.  Following the termination of the Remedies Notice Period, the DIP Agent may require the Debtors to seek authority from the Court to retain an Approved Liquidator for the purpose of conducting a liquidation or "going out of business" sale and/or the orderly liquidation of the DIP Collateral and, if Debtors refuse to seek such authority, the DIP Agent shall be entitled to seek such authority directly.

      (b)     *Notice of Termination*.  Any Termination Declaration shall be given by facsimile (or other electronic means, including electronic mail) to counsel to the Debtors, counsel to any Statutory Committee, and the U.S. Trustee (the earliest date any such Termination

Page:   29
Debtor: In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
    Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
    and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
    (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

Declaration is made shall be referred to herein as the "**Termination Declaration Date**").  The

DIP Obligations shall be due and payable, without notice or demand, and the use of Cash

Collateral shall automatically cease on the Termination Declaration Date, except as provided in

paragraphs 11 and 26 of this Interim Order.  Any automatic stay otherwise applicable to the DIP

Agent and the DIP Lenders is hereby modified so that three (3) business days after the

Termination Declaration Date (the "**Remedies Notice Period**"), the DIP Agent and the DIP

Lenders shall be entitled to exercise all rights and remedies against the DIP Collateral in

accordance with the DIP Loan Documents and this Interim Order and shall be permitted to

satisfy the DIP Superpriority Claim and the DIP Liens, subject only to the DIP Carve Out and

Prepetition Permitted Liens.  During the Remedies Notice Period, the Debtors shall be entitled to

seek an emergency hearing with the Court for the sole purpose of contesting whether an Event of

Default has occurred and/or is continuing.  Unless the Court determines during the Remedies

Notice Period that an Event of Default has not occurred and/or is not continuing, the automatic

stay shall automatically be terminated at the end of the Remedies Notice Period without further

notice or order and the DIP Agent and the DIP Lenders shall be permitted to exercise all

remedies set forth herein, in the DIP Credit Agreement, the DIP Loan Documents, and as

otherwise available at law against the DIP Collateral, without further order of or application or

motion to the Court, and without restriction or restraint by any stay under Sections 362 or 105 of

the Bankruptcy Code, or otherwise, against the enforcement of the liens and security interest in

the DIP Collateral or any other rights and remedies granted to the DIP Agent with respect thereto

pursuant to the DIP Credit Agreement, the other DIP Loan Documents, or this Interim Order.

    27.    Good Faith Under Section 364 of the Bankruptcy Code; No Modification or Stay
of this Interim Order.  The DIP Agent and each DIP Lender have acted in good faith in

connection with this Interim Order and their reliance on this Interim Order is in good faith.

Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

Based on the findings set forth in this Interim Order and the record made during the Interim Hearing, and in accordance with Section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Interim Order are hereafter modified, amended or vacated by a subsequent order of this Court, or any other court, the DIP Agent and each of the DIP Lenders are entitled to the protections provided in Section 364(e) of the Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or lien, claim or priority authorized or created hereby, provided that the Interim Order was not stayed by court order after due notice had been given to the DIP Agent at the time the advances were made or the liens, claims or priorities were authorized and/or created.  Any liens or claims granted to the DIP Agent and the DIP Lenders hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Interim Order shall be governed in all respects by the original provisions of this Interim Order, including entitlement to all rights, remedies, privileges and benefits granted herein, provided that the Interim Order was not stayed by court order after due notice had been given to the DIP Agent and each DIP Lender at the time the advances were made or the liens, claims or priorities were authorized and/or created.

28.    DIP and Other Expenses.  The Debtors are authorized and directed to pay all reasonable out-of-pocket expenses of the DIP Agent and the DIP Lenders in connection with the DIP Facility (including, without limitation, expenses incurred prior to the Petition Date), to the extent provided in the DIP Loan Documents, whether or not the transactions contemplated hereby are consummated, including, without limitation, legal, accounting, collateral examination, monitoring and appraisal fees, financial advisory fees, fees and expenses of other consultants, and indemnification and reimbursement of fees and expenses, upon the Debtors' receipt of invoices for the payment thereof.  Payment of all such fees and expenses shall not be subject to

Page:   31
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

allowance by the Court and professionals for the DIP Agent and the DIP Lenders shall not be
required to comply with the U.S. Trustee fee guidelines.  Notwithstanding the foregoing, at the
same time such invoices are delivered to the Debtors, the professionals for the DIP Agent and the
DIP Lenders shall deliver a copy of their respective invoices to counsel for any Statutory
Committee and the U.S. Trustee, redacted as necessary with respect to any privileged or
confidential information contained therein.  Any objections raised by the Debtors, the U.S.
Trustee or any Statutory Committee with respect to such invoices within ten (10) days of the
receipt thereof will be resolved by the Court.  In the event of any objection, the provisions of
Section 107 of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy
Procedure shall apply.  Pending such resolution, the undisputed portion of any such invoice will
be paid promptly by the Debtors. Notwithstanding the foregoing, the Debtors are authorized and
directed to pay on the Closing Date all reasonable fees, costs and expenses of the DIP Agent, the
DIP Lenders and the Prepetition Senior Agent incurred on or prior to such date without the need
for any professional engaged by the DIP Agent, the DIP Lenders or the Prepetition Senior Agent
to first deliver a copy of its invoice as provided for herein.

29.    <u>Indemnification</u>.

(a)    The Debtors shall indemnify and hold harmless the DIP Agent and the
DIP Lenders and each of their respective shareholders, members, directors, agents, officers,
subsidiaries and affiliates, successors and assigns, attorneys and professional advisors, in their
respective capacities as such, from and against any and all damages, losses, settlement payments,
obligations, liabilities, claims, actions or causes of action, whether groundless or otherwise, and
reasonable costs and expenses incurred, suffered, sustained or required to be paid by an
indemnified party of every nature and character arising out of or related to the DIP Loan
Documents, or the DIP Facility or the transactions contemplated thereby and by this Interim

Page:   32
Debtor: In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

_____

Order, whether such indemnified party is party thereto, as provided in and pursuant to the terms

of the DIP Loan Documents and as further described therein and herein, or in connection with

these Cases, any plan, or any action or inaction by the Debtors, in each case except to the extent

resulting from such indemnified party's gross negligence or willful misconduct as finally

determined by a final non-appealable order of a court of competent jurisdiction.  The indemnity

includes indemnification for each of the DIP Agent's and the DIP Lenders' exercise of

discretionary rights granted under the DIP Facility.  In all such litigation, or the preparation

therefor, each of the DIP Agent and the DIP Lenders shall be entitled to select its own counsel

and, in addition to the foregoing indemnity, the Debtors agree to promptly pay the reasonable

fees and expenses of such counsel.

(b)     *DIP Indemnity Account*.   Upon the conclusion of the Remedies Notice

Period, the Debtors shall pay $50,000 from proceeds of the DIP Collateral into an indemnity

account (the "**DIP Indemnity Account**") subject to first priority liens of the DIP Agent.  The

DIP Indemnity Account shall be released and the funds applied in accordance with paragraph 19

of this Interim Order upon the earlier to occur of (a) the receipt by the DIP Agent and each DIP

Lender of releases from the Debtors and their estates acceptable to the DIP Agent and each DIP

Lender in their sole discretion and (b) the closing of an "exit financing" or similar financing or

transaction to which the Debtors and the DIP Agent are parties on terms and conditions

acceptable to the DIP Agent in its sole discretion.

30.     Proofs of Claim.  Any order entered by the Court in relation to the establishment

of a bar date for any claims (including without limitation administrative claims) in any of the

Cases or Successor Cases shall not apply to the DIP Agent, the DIP Lenders or Prepetition

Senior Creditors.  None of the DIP Agent, the DIP Lenders and Prepetition Senior Creditors will

be required to file proofs of claim or requests for approval of administrative expenses in any of

Page:   33
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

the Cases or Successor Cases, and the provisions of this Interim Order relating to the amount of

the DIP Obligations, the DIP Superpriority Claim and the Prepetition Senior Obligations shall

constitute timely filed proofs of claim and/or administrative expense requests.

31.     <u>Rights of Access and Information</u>.  Without limiting the rights of access and

information afforded the DIP Agent and the DIP Lenders under the DIP Loan Documents, the

Debtors shall be, and hereby are, required to afford representatives, agents and/or employees of

the DIP Agent and the DIP Lenders reasonable access to the Debtors' premises and their books

and records in accordance with the DIP Loan Documents, and shall reasonably cooperate,

consult with, and provide to such persons all such information as may be reasonably requested.

In addition, the Debtors authorize their independent certified public accountants, financial

advisors, investment bankers and consultants to cooperate, consult with, and provide to the DIP

Agent and the DIP Lenders all such information as may be reasonably requested with respect to

the business, results of operations and financial condition of any Debtor.

32.     <u>DIP Carve Out</u>.

(a)     *DIP Carve Out*.  As used in this Interim Order, the "**DIP Carve Out**"

means, collectively, the following expenses: (i) all statutory fees required to be paid to (a) the

Clerk of the Bankruptcy Court  pursuant to 28 U.S.C. § 1930(a), and (b) to the Office of the

United States Trustee pursuant to 28 U.S.C. §1930(a)(6), as determined by agreement of the

United States Trustee or by final order of the Court; (ii) the aggregate amount of allowed and

unpaid professional fees and expenses of the Debtors, any Statutory Committee's professionals,

retained by either of them by final order of the Court (which order has not been reversed, vacated

or stayed unless such stay is no longer effective) under Sections 327 or 1103(a) of the

Bankruptcy Code and, pending the entry of the Final Order, any subsequently appointed trustee

under chapter 7 of the Bankruptcy Code (the "**Case Professionals**"), to the extent such fees and

Page:    34
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

expenses are allowed and payable pursuant to an order of the Court (which order has not been

reversed, vacated or stayed) ("**Allowed Professional Fees**") and the reimbursement of out-of-

pocket expenses allowed by the Bankruptcy Court incurred by the Statutory Committee members

in the performance of their duties (but excluding fees and expenses of third party professionals

employed by such members) ("**Committee Fees**"), which amounts shall be equal to the sum of

(a) $400,000 (which is being deposited into the Professional Fee Escrow Account on the Closing

Date in accordance with the Budget) and (b) an amount equal to $200,000 per week, which shall

be funded into the Professional Fee Escrow Account on Wednesday of each week (or such other

day of the week selected by the Debtors) pursuant to the Budget; provided that (x) the Debtors

have sufficient Availability on such date, (y) the Termination Date has not occurred, and (z) no

Event of Default has occurred and is continuing.  No portion of the DIP Carve Out, any cash

collateral or proceeds of the Loans may be used in violation of this Interim Order, including

paragraph 33 hereof.  Notwithstanding anything to the contrary contained in this Interim Order,

(A) until an Event of Default or the Termination Date has occurred, the Debtors shall be

permitted to borrow under the DIP Credit Agreement on a weekly basis to fund the Professional

Fee Escrow Account in the amounts contemplated under clause (b) of this paragraph, subject to

there being sufficient Availability for such borrowings, and (B) the Debtors shall be permitted to

pay, from the Professional Fee Escrow Account, as and when the same may become due and

payable, fees and expenses of Case Professionals payable under 11 U.S.C. §330 and §331

pursuant to court order, regardless of whether an Event of Default has occurred and is continuing

at such time.  Any amounts in the Professional Fee Escrow Account after the payment in full of

all Allowed Professional Fees of Case Professionals pursuant to final fee applications and orders

shall be returned to the DIP Agent for application in accordance with paragraph 19 of this

Page:    35
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Interim Order.  The DIP Liens are hereby deemed to attach to the Debtors' residual interest in such excess.

(b)    *No Direct Obligation to Pay Professional Fees or Committee Expenses*. Except for funding the DIP Carve Out Amount, as provided herein, the DIP Agent, the DIP Lenders and the Prepetition Senior Creditors shall not be responsible for the funding, direct payment or reimbursement of any fees or disbursements of any Case Professionals or any Committee Expenses incurred in connection with the Cases or any Successor Cases.  Nothing in this Interim Order or otherwise shall be construed to obligate the DIP Agent, the DIP Lenders or the Prepetition Senior Creditors in any way to pay compensation to or to reimburse expenses of any Case Professional (including any Committee Expenses), or to guarantee that the Debtors have sufficient funds to pay such compensation or reimbursement.  Nothing in this Interim Order or otherwise shall be construed to increase the DIP Carve Out if actual (i) Allowed Professional Fees of any Case Professional or (ii) Committee Expenses are higher in fact than the estimated fees and disbursements reflected in the Budget.

(c)    *Payment of DIP Carve Out*.  The funding of the DIP Carve Out shall be added to and made a part of the DIP Obligations and secured by the DIP Collateral and otherwise entitled to the protections granted under this Interim Order, the DIP Loan Documents, the Bankruptcy Code and applicable law.

33.    Limitations on the DIP Facility, the DIP Collateral, the Cash Collateral and the Case Professionals DIP Carve Out.  The DIP Facility, the DIP Collateral, the Cash Collateral and the DIP Carve Out may not be used:  (a) in connection with or to finance in any way any action, suit, arbitration, proceeding, application, motion or other litigation of any type (i) adverse to the interests of any Prepetition Senior Creditor, the DIP Agent or the DIP Lenders or their respective rights and remedies under the DIP Loan Documents, the Prepetition Senior Credit Documents or

Page:    36
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

this Interim Order or the Final Order, including, without limitation, for the payment of any

services rendered by the professionals retained by the Debtors or any Statutory Committee in

connection with the assertion of or joinder in any claim, counterclaim, action, proceeding,

application, motion, objection, defense or other contested matter, the purpose of which is to seek,

or the result of which would be to obtain, any order, judgment determination, declaration or

similar relief, (ii) invalidating, setting aside, avoiding or subordinating, in whole or in part, the

DIP Obligations or the Prepetition Senior Obligations, (iii) for monetary, injunctive or other

affirmative relief against the DIP Agent or any Prepetition Senior Creditor, or their respective

collateral, (iv) preventing, hindering or otherwise delaying the exercise by the DIP Agent or any

Prepetition Senior Creditor of any rights and remedies under this Interim Order or the Final

Order, the DIP Loan Documents, the Prepetition Senior Credit Documents or applicable law, or

the enforcement or realization (whether by foreclosure, credit bid, further order of the Court or

otherwise) by the DIP Agent upon any of the DIP Collateral or by the Prepetition Senior Agent

with respect to its Adequate Protection Liens upon any of its Prepetition Collateral, (v) asserting

that the value of the Prepetition Collateral is less than the Prepetition Senior Obligations, or (vi)

to pursue litigation against any Prepetition Senior Creditor; (b) to make any distribution under a

plan of reorganization in any Chapter 11 Case; (c) to make any payment in settlement of any

claim, action or proceeding, before any court, arbitrator or other governmental body without the

prior written consent of the DIP Agent unless otherwise ordered by this Court; (d) to pay any

fees or similar amounts to any person who has proposed or may propose to purchase interests in

any of the Debtors without the prior written consent of the DIP Agent; (e) objecting to,

contesting, or interfering with, in any way, the DIP Agent's or the DIP Lenders' enforcement or

realization upon any of the DIP Collateral once an Event of Default has occurred, except as

provided for in his Interim Order or the Final Order, or seeking to prevent the DIP Agent from

Page:   37
Debtor: In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
          Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
          and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
          (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

credit bidding in connection with any proposed plan or reorganization or liquidation or any proposed transaction pursuant to Section 363 of the Bankruptcy Code; (f) using or seeking to use Cash Collateral while the DIP Obligations remain outstanding, without the consent of the DIP Agent, in a manner inconsistent with the Budget; (g) using or seeking to use any insurance proceeds constituting DIP Collateral without the consent of the DIP Agent; (h) incurring Indebtedness (as defined in the DIP Credit Agreement) outside the ordinary course of business without the prior consent of the DIP Agent, except as permitted under the DIP Loan Documents; (i) objecting to or challenging in any way the claims, liens, or interests held by or on behalf of the DIP Agent, the DIP Lenders or any Prepetition Senior Creditor; (j) asserting, commencing or prosecuting any claims or causes of action whatsoever, including, without limitation, any actions under Chapter 5 of the Bankruptcy Code, against the DIP Agent or any Prepetition Senior Secured Creditor; or (k) prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of any of the DIP Obligations, the Prepetition Senior Obligations, the DIP Liens or the Prepetition Senior Liens or any other rights or interests of the DIP Agent, Prepetition Senior Agent or the Prepetition Senior Lenders.  The provisions of this paragraph 33 shall not preclude a Statutory Committee from taking a position before the Court with respect to the matters raised therein or the Court from issuing any appropriate order in connection therewith.

34.    <u>Payment of Compensation</u>.  Nothing herein shall be construed as a consent to the allowance of any professional fees or expenses of any Case Professionals or shall affect the right of the DIP Agent or any of the DIP Lenders to object to the allowance and payment of such fees and expenses.  So long as no Event of Default has occurred and is continuing, the Debtors shall be permitted to pay fees and expenses allowed and payable by order (that has not been vacated or

Page:    38
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

stayed, unless the stay has been vacated) under Sections 330 and 331 of the Bankruptcy Code, as

the same may be due and payable, and to the extent set forth in the Budget.

        35.    <u>Reservation of Certain Third Party Rights and Bar of Challenges and Claims</u>.

        (a)    The stipulations, findings, representations and releases contained in this

Interim Order or the Payoff Letter with respect to the Prepetition Senior Creditors and the

Prepetition Senior Obligations shall be binding upon all parties-in-interest, any trustee appointed

in these cases and any Statutory Committee (each, a "**<u>Challenge Party</u>**"), unless and solely to

the extent that (i) the Debtors received from a Challenge Party notice of a potential Challenge

(defined below) during the Challenge Period (defined below) and (ii) the Court rules in favor of

the plaintiff in any such timely and properly filed Challenge.  For purposes of this paragraph 35:

(a) "**<u>Challenge</u>**" means any claim  against any of the Prepetition Senior Creditors on behalf of

the Debtors or the Debtors' creditors and interest holders, or to object to or to challenge the

stipulations, findings or Debtors' Stipulations set forth herein, including, but not limited to those

in relation to:  (i) the validity, extent, priority, or perfection of the mortgage, security interests,

and liens of any Prepetition Senior Creditor; (ii) the validity, allowability, priority, or amount of

the Prepetition Senior Obligations (including any fees included therein); (iii) the secured status

of the Prepetition Senior Obligations; or (iv) any liability of any of the Prepetition Senior

Creditors with respect to anything arising from any of the respective Prepetition Senior Credit

Documents; and (b)  "**<u>Challenge Period</u>**" means (i) with respect to any party-in-interest other

than the Statutory Committee for unsecured creditors, the period from the Petition Date until the

date that is seventy five (75) calendar days after the entry of this Interim Order and (ii) with

respect to the Statutory Committee for unsecured creditors, the period from the date such

Statutory Committee is formed until the date that is sixty (60) calendar days thereafter.

Page:    39
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

(b)      During the Challenge Period, a Challenge Party shall be entitled to determine whether a basis to assert a Challenge exists.  If a Challenge Party identifies a basis to assert a Challenge, it must notify the Debtors, the DIP Agent and the Prepetition Senior Creditors during the Challenge Period of its demand that the Debtors initiate an action or adversary proceeding relating thereto and from the date that the Debtors, the DIP Agent and the Prepetition Senior Creditors are so notified, the Debtors shall have five (5) days to notify the Challenge Party of whether the Debtors intend to initiate such action (or a settlement in lieu of an adversary) and ten (10) days to initiate such action.  If the Debtors notify such Challenge Party that the Debtors do not intend to initiate an action, settlement, or adversary proceeding, the Challenge Party shall have ten (10) days from the receipt of such notice to seek standing to initiate an action or adversary proceeding.  Nothing herein shall be deemed to grant standing in favor of any Challenge Party absent further order of this Court.  The Debtors, if timely notified of a potential Challenge, shall retain authority to prosecute, settle or compromise such Challenge in the exercise of their business judgment and subject to any applicable further order of court.

(c)      Upon the expiration of the Challenge Period (subject to such ten (10) day periods described above) (the "**Challenge Period Termination Date**"), without the filing of a Challenge:  (A) any and all such Challenges and objections by any party (including, without limitation, any Statutory Committee, any Chapter 11 trustee, and/or any examiner or other estate representative appointed in these Cases, and any Chapter 7 trustee and/or examiner or other estate representative appointed in any Successor Case), shall be deemed to be forever waived, released and barred, (B) all matters not subject to the Challenge, and all findings, Debtors' Stipulations, waivers, releases, affirmations and other stipulations as to the priority, extent, and validity as to each Prepetition Senior Creditors' claims, liens, and interests shall be of full force and effect and forever binding upon the Debtors, the Debtors' bankruptcy estates and all

Page:   40
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
       Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
       and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
       (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

creditors, interest holders, and other parties in interest in these Cases and any Successor Cases;

and (C) any and all claims or causes of action against any of the Debtors or the Prepetition

Senior Creditors relating in any way to the Debtors or the Prepetition Senior Credit Documents

shall be forever waived and released by the Debtors' estates, all creditors, interest holders and

other parties in interest in these Cases and any Successor Cases.

36.    <u>Reservation of Rights</u>:  Notwithstanding anything to the contrary contained in this

Interim Order, in the event there is a timely and successful Challenge by any party in interest (in

accordance with paragraph 35 hereof), this Court may unwind the repayment of the Prepetition

Senior Obligations and order the repayment of such amount to the extent that such payment

resulted in the payment of any Prepetition Senior Obligations consisting of an unsecured claim or

other amount not allowable under Section 502 of the Bankruptcy Code.  Notwithstanding the

foregoing, a successful challenge shall not in any way affect the validity, enforceability or

priority of the DIP Obligations or the DIP Liens.

37.    <u>No Third Party Rights</u>.  Except as explicitly provided for herein, this Interim

Order does not create any rights for the benefit of any third party, creditor, equity holder or any

direct, indirect, or incidental beneficiary.

38.    <u>Section 506(c) Claims</u>.  Upon entry of the Final Order, no costs or expenses of

administration which have been or may be incurred in the Cases at any time shall be charged

against the DIP Agent, the DIP Lenders or the DIP Collateral, the Prepetition Senior Agent, the

Prepetition Senior Lenders or the Prepetition Senior Liens pursuant to Sections 105 or 506(c) of

the Bankruptcy Code, or otherwise.

39.    <u>No Marshaling/Applications of Proceeds</u>.  Upon entry of the Final Order, neither

the DIP Agent, the Prepetition Senior Agent nor the Prepetition Senior Lenders shall be subject

to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the

Page:   41
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

DIP Collateral.  Nothing in this Interim Order shall modify the terms of any agreement solely

between the DIP Agent and the DIP Lenders with respect to any rights, priorities and obligations

set forth thereunder.

40.    <u>Section 552(b)</u>.  The DIP Agent shall be entitled to all of the rights and benefits of

Section 552(b) of the Bankruptcy Code.  Subject to the entry of the Final Order, the "equities of

the case" exception under Bankruptcy Code §552(b) shall not apply to the DIP Agent,

Prepetition Senior Agent or the Prepetition Senior Lenders with respect to proceeds, products,

offspring or profits of any of the Prepetition Collateral.

41.    <u>Joint and Several Liability</u>.  Nothing in this Interim Order shall be construed to

constitute a substantive consolidation of any of the Debtors' estates, it being understood,

however, that the Debtors shall be jointly and severally liable for the obligations hereunder and

in accordance with the terms of the DIP Facility and the DIP Loan Documents.

42.    <u>Discharge Waiver</u>.  The Debtors expressly stipulate, and the Court finds and

adjudicates that, none of the DIP Obligations, the DIP Superpriority Claim or the DIP Liens shall

be discharged by the entry of an order confirming any plan of reorganization, notwithstanding

the provisions of Section 1141(d) of the Bankruptcy Code, unless the DIP Obligations have been

paid in full in cash on or before the effective date of a confirmed plan of reorganization.  The

Debtors expressly stipulate, and the Court finds and adjudicates that, none of the Adequate

Protection Liens or Adequate Protection Superpriority Claims shall be discharged by the entry of

an order confirming any plan of reorganization, notwithstanding the provisions of Section

1141(d) of the Bankruptcy Code, unless the Adequate Protection Superpriority Claims and

claims secured by the Adequate Protection Liens have been paid in full in cash on or before the

effective date of a confirmed plan of reorganization.  None of the Debtors shall propose or

support any plan or sale of all or substantially all of the Debtors' assets or entry of any

Page:    42
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
         Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
         and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
         (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

confirmation order or sale order that is not conditioned upon the payment in full in cash, on the

effective date of such plan of all DIP Obligations and Adequate Protection Superpriority Claims.

The DIP Superpriority Claim and the DIP Liens, and the Adequate Protection Superpriority

Claims and Adequate Protection Liens, shall not be affected in any manner by the entry of an

order confirming a plan in the Cases or any Successor Cases.

43.    <u>Rights Preserved</u>.  Notwithstanding anything herein to the contrary, the entry of

this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or

implicitly:  (a) DIP Agent's or the Prepetition Senior Creditors' right to seek any other or

supplemental relief in respect of the Debtors (including the right to seek additional adequate

protection, including, without limitation, in the form of reimbursement of fees and expenses of

counsel to the Prepetition Senior Creditors); (b) the rights of any of the Prepetition Senior

Creditors to seek the payment by the Debtors of post-petition interest or fees pursuant to Section

506(b) of the Bankruptcy Code; or (c) any of the rights of the DIP Agent under the Bankruptcy

Code or under non-bankruptcy law, including, without limitation, the right to (i) request

modification of the automatic stay of Section 362 of the Bankruptcy Code, (ii) request dismissal

of any of the Cases or Successor Cases, conversion of any of the Cases to cases under Chapter 7,

or appointment of a Chapter 11 trustee or examiner with expanded powers, or (iii) propose,

subject to the provisions of Section 1121 of the Bankruptcy Code, a Chapter 11 plan or plans.

Other than as expressly set forth in this Interim Order, any other rights, claims or privileges

(whether legal, equitable or otherwise) of the DIP Agent and the DIP Lenders.

44.    <u>No Waiver by Failure to Seek Relief</u>.  The failure of the DIP Agent or the DIP

Lenders to seek relief or otherwise exercise its rights and remedies under this Interim Order, the

DIP Loan Documents, or applicable law, as the case may be, shall not constitute a waiver of any

of the rights hereunder, thereunder, or otherwise of the DIP Agent or the DIP Lenders.

*Approved by Judge Donald H. Steckroth June  23, 2014*

Page:   43
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
        Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
        and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
        (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

_____

45.    <u>Binding Effect of Interim Order</u>.    Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Interim Order shall become valid and binding upon and inure to the benefit of the Debtors, the DIP Agent, the DIP Lenders, the Prepetition Senior Creditors, all other creditors of any of the Debtors, any Statutory Committee or any other court appointed committee, appointed in the Cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of the Cases, any Successor Cases, or upon dismissal of any Case or Successor Case.

46.    <u>No Modification of Interim Order</u>.    Until and unless the DIP Obligations have been paid in full in cash (such payment being without prejudice to any terms or provisions contained in the DIP Facility which survive such discharge by their terms), and all commitments to extend credit under the DIP Facility have been terminated, the Debtors irrevocably waive the right to seek and shall not seek or consent to, directly or indirectly:  (a) without the prior written consent of the DIP Agent (i) any modification, stay, vacatur or amendment to this Interim Order; or (ii) a priority claim for any administrative expense or unsecured claim against the Debtors (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in Sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in any of the Cases or Successor Cases, equal or superior to the DIP Superpriority Claim, other than the DIP Carve Out and the Prepetition Permitted Liens; (b) any order allowing use of Cash Collateral resulting from DIP Collateral; and (c) any lien on any of the DIP Collateral with priority equal or superior to the DIP Liens.  The Debtors irrevocably waive any right to seek any amendment, modification or extension of this Interim Order without the prior written consent, as provided in the foregoing, of the DIP Agent, and no such consent shall be implied by any other action, inaction or acquiescence of the DIP Agent.

*Approved by Judge Donald H. Steckroth June  23, 2014*

Page:   44
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
    Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
    and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
    (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

47.  <u>Interim Order Controls</u>.  In the event of any inconsistency between the terms and conditions of the DIP Loan Documents or this Interim Order, the provisions of this Interim Order shall govern and control.

48.  <u>Survival</u>.  The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered:  (a) confirming any plan of reorganization in any of the Cases; (b) converting any of the Cases to a case under Chapter 7 of the Bankruptcy Code; (c) dismissing any of the Cases or any Successor Cases; or (d) pursuant to which this Court abstains from hearing any of the Cases or Successor Cases.  The terms and provisions of this Interim Order, including the claims, liens, security interests and other protections granted to the DIP Agent and Prepetition Senior Creditors pursuant to this Interim Order and/or the DIP Loan Documents, notwithstanding the entry of any such order, shall continue in the Cases, in any Successor Cases, or following dismissal of the Cases or any Successor Cases, and shall maintain their priority as provided by this Interim Order until all DIP Obligations have been paid in full and all commitments to extend credit under the DIP Facility are terminated.  The terms and provisions concerning the indemnification of the DIP Agent shall continue in the Cases and in any Successor Cases, following dismissal of the Cases or any Successor Cases, following termination of the DIP Loan Documents and/or the repayment of the DIP Obligations.

49.  <u>Final Hearing</u>.  The Final Hearing to consider entry of the Final Order and final approval of the DIP Facility is scheduled for July 14, 2014 at 10:00 a.m. (ET) before the Honorable Donald H. Steckroth, United States Bankruptcy Judge, Courtroom 3B, at the United States Bankruptcy Court for the District of New Jersey located at Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07102.

Page:   45
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
(5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

50.   <u>Notice of Final Hearing</u>:  On or before June 24, 2014, the Debtors shall serve, by United States mail, first-class postage prepaid, a copy of the DIP Motion and this Interim Order upon:  (a) the Office of the United States Trustee for the District of New Jersey; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the thirty (30) largest unsecured creditors of the Debtors at their last known addresses; (e) Choate, Hall & Stewart LLP (Attn: John F. Ventola and Douglas R. Gooding), attorneys for the DIP Agent and the Prepetition Senior Agent; (f) any party which has filed prior to such date a request for notices under Bankruptcy Rule 2002 with this Court; (g) counsel for any Statutory Committee; (h) the PBGC; (i) the U.S. Attorney's Office for the District of New Jersey; (j) the U.S. Attorney's Office; (k) the U.S. Attorney General's Office; (l) the New Jersey Attorney General's Office; and (m) the Consumer Product Safety Commission.

51.   <u>Objection Deadline</u>: Objections, if any, to the relief sought in the Motion shall be in writing, shall set forth with particularity the grounds for such objections or other statement of position, shall be filed with the clerk of the Bankruptcy Court, and personally served upon (a) Lowenstein Sandler LLP (Attn: Kenneth A. Rosen and S. Jason Teele) counsel to the Debtors, (b) the Office of the United States Trustee for the District of New Jersey; (c) counsel to any Statutory Committee; and (d) Choate, Hall & Stewart LLP (Attn: John F. Ventola and Douglas R. Gooding) and Greenberg Traurig, LLP (Attn: Alan J. Brody), attorneys for the DIP Agent and the Prepetition Senior Agent; so that such objections are filed with the Court and received by said parties on or before 1:00 p.m. Eastern Time on July 10, 2014 with respect to entry of the Final Order.

52.   <u>Effect of this Interim Order</u>.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect immediately, notwithstanding anything to the contrary proscribed by applicable law.

*Approved by Judge Donald H. Steckroth June  23, 2014*

Page:   46
Debtor:  In re Kid Brands, Inc., *et al.*
Case No. 14-22582 (DHS)
Caption: Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1)
        Approving Post-Petition Financing (2) Authorizing Use of Cash Collateral, (3) Granting Liens
        and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection,
        (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

---

53.    <u>Retention of Jurisdiction</u>.  The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

54.    <u>Adequate Protection Lien in Favor of Allied Hill Enterprise, Ltd.</u>   Allied Hill Enterprise, Ltd. ("**Allied Hill**") is hereby granted pursuant to sections 361 and 363 of the Bankruptcy Code replacement liens on all of the Debtors' right, title and interest in the assets of Debtor Sassy, Inc. to the same extent and with the same priority that Allied Hill had in such assets prior to the Petition Date.  Nothing in this Interim Order shall prejudice the rights of any party in interest including, but not limited, to the Debtors, the DIP Agent, and any Statutory Committee to challenge the validity, priority, enforceability, seniority, avoidability, perfection or extent of Allied Hill's asserted prepetition lien and/or security interest.

*Approved by Judge Donald H. Steckroth June  23, 2014*