UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Steven M. Skolnick, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
Anthony De Leo, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and Debtors-in-Possession*



| In re: | Chapter 11 |
|---|---|
| Kid Brands, Inc., *et al.*,[1] | Case No. 14-22582 (DHS) |
| Debtors. | (Jointly Administered) |

## ORDER (I) AUTHORIZING THE SALE OF CERTAIN ASSETS OF DEBTORS KIDS LINE, LLC, COCALO, INC. AND LAJOBI, INC. FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered 2 through 35, is hereby

**ORDERED**.

Sept 8, 2014

D. Stethoth
USBJ

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Kid Brands, Inc. (5337); Kids Line, LLC (0448); Sassy, Inc. (9722); I&J Holdco, Inc. (1543); LaJobi, Inc. (1450); CoCaLo, Inc. (3844); and RB Trademark Holdco, LLC (0611).  The Debtors' corporate headquarters are located at 301 Route 17 North, 6th Floor, Rutherford, New Jersey 07070.

Page:      2
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

Upon the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Assets of Debtors  Kids Line, LLC and CoCaLo, Inc. Free and Clear of Liens, Claims and Encumbrances, Subject to Higher and Better Offers,  and (II) Granting Related Relief* [Docket No. 175] (the "**Sale Motion**");[2] and upon the record of the dockets in the Chapter 11 Cases; and it appearing that the highest or otherwise best offer for substantially all assets of Debtors Kids Line and CoCaLo and certain intellectual property assets of Debtor LaJobi, Inc. (collectively with  Kids Line and CoCaLo, "**Sellers**") was made by TG Valentine, LLC ("**Purchaser**") pursuant to the terms of that certain Asset Purchase Agreement by and among Sellers and Purchaser substantially in the form attached hereto as **Exhibit A** (collectively with all related agreements, documents or instruments and all exhibits, schedules and addenda to any of the foregoing, the "**Agreement**"); and the Court having reviewed the Sale Motion; and upon the record of the hearing conducted on September 3, 2014 (the "**Sale Hearing**"), at which time all interested parties were offered an opportunity to submit a higher or better offer and/or otherwise be heard with respect to the Sale Motion; and the Court having reviewed and considered (i) the Sale Motion and the exhibits thereto; (ii) the Agreement; (iii) all objections to, or other responses filed in respect of, the Sale Motion; and (iv) the arguments and proffers of counsel made, and the evidence presented, at the Sale Hearing; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates and creditors, and all other parties-in-interest in these Chapter 11 Cases; and upon the record of the Sale Hearing; and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon,

---

[2]      Capitalized terms used herein but not defined shall have the meaning ascribed to such terms in the Sale Motion or the Agreement (defined below), as applicable.

Page:      3
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

### IT IS HEREBY FOUND AND DETERMINED THAT:

A.     Jurisdiction and Venue.  This Court has jurisdiction to consider the Sale

Motion and the Sale, including the transactions contemplated by the Agreement, pursuant to 28

U.S.C. §§ 157(b)(1) and 1334(a) and the *Standing Order of Reference to the Bankruptcy Court

Under Title 11* dated as of September 18, 2012 (Simandle, C.J.).  This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue of these cases and the Sale Motion in

this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     Statutory Predicates.  The statutory and other legal predicates for the relief

sought in the Sale Motion and all related transactions collectively described in the Agreement

(the Sale and all such transactions being collectively referred to as the "**Transactions**") include

sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6003, 6004,

6006, 9006, 9007, and 9014, and Local Rules 6004-1 and 6006-1.

C.     Final Order.  This Sale Order constitutes a final and appealable order

within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and

6006(d), the Court expressly finds that there is no just reason for delay in the implementation of

this Sale Order, and expressly directs entry of judgment as set forth herein.

D.     Notice.  As evidenced by the affidavits and/or certificates of service

previously filed with the Court, and the representations of counsel at the Sale Hearing: (1) under

the circumstances of the Chapter 11 Cases, proper, timely, adequate and sufficient notice of the

Sale Motion, the Sale Hearing, and the Transactions has been provided by the Debtors to all

parties entitled to notice and required to receive notice, including under Bankruptcy Rules 2002

and 6004 (including without limitation 6004(a), 6004(c), and 6006(c)); (2) such notice, and the

form and manner thereof, was good, sufficient and appropriate under the circumstances; and (3)

Page:       4
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

no other or further notice of the Sale Motion, the Agreement, the Transactions or the Sale Hearing shall be required.

E.      Assumed Agreements.    Each non-debtor counterparty to the Assumed Agreements has properly and timely received notice of Purchaser's intent to assume such Contract and the alleged Cure Amount and the Motion (including all exhibits thereto).  Upon payment of applicable Cure Amounts, if any, Purchaser will have provided adequate assurance of future performance with respect to each of the Assumed Agreements, as required by sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.  The Sellers, to the extent necessary, will have satisfied all of the requirements of section 365(b)(1) of the Bankruptcy Code in connection with the assumption of the Assumed Agreements, and all of the requirements of section 365(f)(2) of the Bankruptcy Code in connection with the assignment of the Assumed Agreements to Purchaser.[3]

F.      Opportunity to Object.    A reasonable opportunity to object or be heard with respect to the Sale Motion, the Agreement or the Transactions has been afforded to all interested persons and entities.

G.      Sale is Appropriate.    The Transactions are authorized pursuant to Bankruptcy Code section 363(b)(1).  The Transactions represent the sound business judgment of the Debtors and are appropriate in light of the facts and circumstances surrounding the Transactions and the Debtors' Chapter 11 Cases because (1) the Transaction will result in the highest and best value received for the Purchased Assets and (2) the terms of the sale were

---

[3]     For the avoidance of doubt, no agreements with Disney Consumer Products, Inc. ("**Disney**") (including without limitation contracts numbers 0704645109, 0704646422, 1290546515, and 1290546516, as those agreements have been amended from time to time) are among the Assumed Agreements.

Page:      5
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

negotiated at arm's length with Purchaser. The record of these proceedings indicates that the Debtors have incurred and continue to incur substantial financial losses and that absent a timely sale of the Purchased Assets, the value of the Debtors' assets, including the Purchased Assets, would be substantially diminished.

      H.    <u>Corporate Authority</u>. Sellers have full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and to consummate the Transactions.

      I.    <u>Business Justification</u>. The Debtors have (1) articulated good, sufficient and sound business reasons for consummating the Agreement, the sale of the Purchased Assets and the Transactions; (2) appropriately exercised their business judgment by entering into the Transactions; and (3) demonstrated compelling circumstances for entry into the Transactions pursuant to Bankruptcy Code section 363(b)(1), in that, among other things, the immediate approval by the Court of the Transactions with Purchaser is necessary and appropriate to maximize the value of the Debtors' estates.

      J.    <u>Best Interests</u>. Approval of the Agreement and the consummation of the Transactions are in the best interests of the Debtors, their estates, their creditors and other parties in interest.

      K.    <u>Opportunity to Submit Higher or Better Offers</u>. A reasonable opportunity to submit higher or better offers has been afforded to all interested persons and entities, and no higher or better offer was submitted at or prior to the hearing on the Sale Motion on September 3, 2014.

      L.    <u>Highest or Otherwise Best</u>. As demonstrated by (1) the testimony and/or other evidence proffered or adduced at the Sale Hearing; and (2) the representations of counsel

Page:       6
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

made on the record at the Sale Hearing, Purchaser's offer for the purchase of the Purchased Assets and assumption of the Assumed Liabilities as set forth in the Agreement is fair and reasonable and constitutes the highest or otherwise best offer for the Purchased Assets.

M.      <u>Arm's Length Transaction and Purchaser's Good Faith</u>. The Agreement was negotiated, proposed and entered into by Sellers and Purchaser from arm's-length bargaining positions, without collusion, in good faith within the meaning of Bankruptcy Code section 363(m). Purchaser is not an "insider" of the Debtors, as that term is defined in Bankruptcy Code section 101(31). Brad Sell, the owner of Purchaser, is the former President of the Soft Home business unit of non-Seller Debtor Kid Brands, Inc. Mr. Sell is currently employed by Kid Brands, Inc., but is not employed by the Sellers, and is not an owner, officer, director, or person in control of the Sellers or Kid Brands, Inc. Mr. Sell has had no participation or involvement whatsoever in the negotiations of the terms of the Sale or decision-making in connection therewith except on behalf of Purchaser. The Agreement was not entered into, and neither Sellers nor Purchaser have entered into the Agreement, or propose to consummate the Transactions, for the purpose of hindering, delaying or defrauding creditors of the Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia. Neither Sellers nor Purchaser have entered into the Agreement or is consummating the Transactions with any fraudulent or improper purpose.

N.      <u>No Liability Under Section 363(n)</u>. Neither Sellers nor Purchaser have engaged in any conduct that would cause or permit the Agreement to be avoided under Bankruptcy Code section 363(n). Specifically, Purchaser has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement with unrelated third parties.

Page:       7
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
            Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
            Authorizing the Assumption and Assignment of Certain Executory Contracts and
            (III) Granting Related Relief

---

O.    <u>Free and Clear</u>.    The Purchased Assets[4] constitute property of Sellers'

estates and title thereto is vested in Sellers' estates within the meaning of Bankruptcy Code

section 541(a).  The transfer of the Purchased Assets will be a legal, valid, and effective transfer

of the Purchased Assets, and will vest Purchaser with all right, title, and interest of Sellers in and

to the Purchased Assets, pursuant to Bankruptcy Code sections 105(a) and 363(f), free and clear,

subject to the Cash Price being paid by the Purchaser directly to the DIP Lender pursuant to the

provisions of Section 3.1(c) of the Agreement, of all liens (statutory, contractual, or otherwise),

claims (including those that constitute a "claim" as defined in Bankruptcy Code 101(5)), rights,

liabilities, encumbrances and other interests of any kind or nature whatsoever (including, without

limitation, successor liability), and all Excluded Liabilities (all of the foregoing (excluding the

Assumed Liabilities) are hereinafter collectively referred to as the "**Encumbrances**"), because,

in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5)

have been satisfied.   Without limiting the generality of the foregoing, the transfer of the

Purchased Assets to Purchaser will not subject Purchaser to any liability whatsoever (including,

without limitation, any successor liability) with respect to the operation of the Business (as

defined in the Agreement) prior to the Closing (as defined in the Agreement), including, without

limitation, any liability arising from any of the following: (i) any employment obligation,

including, without limitation, wages, vacation, commission, severance, and health care and

insurance; (ii) any employment or labor agreements, consulting agreements, severance

agreements, change-in-control agreements, or other similar agreements to which the Sellers are

---

[4]     For the avoidance of doubt, as more fully described in Paragraph 10 (Licensed Inventory)
below, Purchaser agrees that the Purchased Assets do not include any Disney-branded or Disney-
licensed products and any such inventory is an Excluded Asset. Disney Consumer Products, Inc.
retains all intellectual property rights in such Disney-branded inventory.

Page:      8
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

or were a party; (iii) any pension, welfare, medical, compensation, or other employee benefit

plans, agreements, practices, and programs, including, without limitation, any employee stock

benefit plans, employee stock ownership plans, 401(k) plans, and pension plans of the Sellers;

(iv) the cessation of the Sellers' operations, dismissal of employees, or termination of

employment or labor agreements or pension, welfare, compensation or other employee benefit

plans, agreements, practices and programs, and any obligations with respect thereto that arise

from the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor

Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment

Act of 1967, as amended, the Federal Rehabilitation Act of 1973, the National Labor Relations

Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment

and Retraining Notification Act; (v) workers' compensation, occupational disease or

unemployment or temporary disability insurance claims; (vi) environmental liabilities, debts,

claims or obligations which may be asserted on any basis, including, without limitation, under

the Comprehensive Environmental Response, Compensation and Liability Act or any other

environmental, health, and safety requirements; (vii) any bulk sales or similar law; (viii) any

litigation by or against the Sellers; (ix) any federal, state, local and foreign taxes, charges, fees,

imposts, levies or other assessments, including, without limitation, income, gross receipts,

excise, severance, employment, sales, use, transfer, license, payroll, franchise, occupation,

premium, windfall profits, environmental, customs duties, capital stock, profits, stamp,

withholding, Social Security, unemployment, disability, real property, personal property,

registration, value added, alternative or add on minimum, estimated or other taxes, charges, fees,

imposts, levies or other assessments, estimated, or any other tax, charge, impost, levy or

assessment of any kind whatsoever, including any interest, penalties or additions thereto,

Page:      9
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

whether disputed or not; and (x) the laws of the United States, any state, territory or possession thereof, or the District of Columbia, including any statute, rule, regulation, order, decree, administrative or judicial doctrine or other laws based, in whole or in part, directly or indirectly, in any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability. For the avoidance of doubt, the liabilities set forth in this paragraph are included in the defined term "Encumbrances" for all purposes herein. The DIP Lender has consented to the Sale, subject to the Cash Price being paid to the DIP Lender pursuant to the provisions of Section 3.1(c) of the Agreement. Those other holders of Encumbrances on the Purchased Assets who did not object (or who withdrew their objections) to the Sale Motion or the Transactions are deemed to have consented to the Sale Motion and the Transactions pursuant to Bankruptcy Code section 363(f)(2). Those holders of Encumbrances on the Purchased Assets who did object fall within one or more of the other subsections of Bankruptcy Code section 363(f) and are adequately protected by having their Encumbrances on the Purchased Assets attach to the remaining proceeds of the Sale, if any, ultimately attributable to the Purchased Assets against or in which such Encumbrances are asserted, subject to the terms of such Encumbrances, with the same validity, force and effect, and in the same order of priority, which such Encumbrances now have against the Purchased Assets or their proceeds, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto. Purchaser is not taking an assignment of any contracts unless specifically identified in the Agreement. Except as specifically provided in the Agreement, all persons and entities asserting or holding any Encumbrances in or with respect to the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated),

Page:       10
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
            Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
            Authorizing the Assumption and Assignment of Certain Executory Contracts and
            (III) Granting Related Relief

---

howsoever arising, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Encumbrances against Purchaser.

P.    <u>Purchaser's Reliance on Order</u>.  Purchaser would not have entered into the Agreement and the other Transaction Documents and would not consummate the Sale, thus adversely affecting the Sellers, their estates and their creditors, if the sale of the Purchased Assets to Purchaser were not free and clear of all Encumbrances, or if Purchaser would, or in the future could, be liable for any of the Encumbrances.

Q.    <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein.

R.    <u>Validity of Transfer</u>.  As of the Closing, the transfer of the Purchased Assets to Purchaser will be a legal, valid and effective transfer of the Purchased Assets, and will vest Purchaser with all right, title and interest of the Debtors in and to the Purchased Assets, free and clear of all Encumbrances on the Purchased Assets.  The purchase price resulting from the Sale constitutes fair consideration and reasonably equivalent value for the Sale under the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, the Bankruptcy Code, and the laws of the United States, any state, territory, possession thereof or the District of Columbia.  Consummation of the Sale in accordance with this Sale Order and the terms of the Agreement and all other documents entered into in connection therewith (the "**Transaction Documents**") is in the best interests of the Sellers and the other Debtors, their estates, their creditors, and other parties in interest.

S.    <u>Sale Outside of Plan</u>.  The Sellers have demonstrated compelling circumstances for the consummation of the Sale outside of the ordinary course of business under section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization in that,

Page:      11
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

among other things, the immediate approval by this Court of the Sale is necessary and appropriate to maximize the value of the Sellers' estates. Entry of an order approving the Sale and the Transaction Documents is a necessary condition precedent to the Sellers' and Purchaser's obligations under the Agreement. The Sale does not constitute a *de facto* plan of reorganization (or liquidation) for the Sellers because the Sale does not and will not (i) impair or restructure existing debt of, or equity interest in, the Sellers, (ii) impair or circumvent voting rights with respect to any future plan proposed by the Sellers, (iii) circumvent any Chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code, or (iv) classify claims or equity interests, or extend debt maturities.

   T.      <u>Sale Valid Notwithstanding Defaults</u>. To the extent that the execution and delivery of the Agreement or any other documents contemplated thereby, or the consummation of the Transactions in accordance with this Sale Order results in a violation or breach of, or constitutes a default under any of the following: (i) the certificate of incorporation, as amended, the bylaws, or other organizational instruments of any of the Sellers; (ii) any term or provision of any contract or agreement; and (iii) any other commitment or restriction to which either of the Sellers is a party, such violation, breach or default shall be excused and the Transactions shall remain fully valid; *provided, however,* that nothing in this Sale Order shall operate as a waiver or other limitation of, or shall be deemed to modify, the Debtors' obligations under: (i) the DIP Credit Agreement, (ii) the *Corrected Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 (1) Approving Postpetition Financing, (2) Authorizing Use of Cash Collateral, (3) Granting Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing* [Docket No. 86] (the "**Interim DIP Order**"), (iii)  any order granting such relief on a final basis (the

Page:       12
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

"**Final DIP Order**" and, together with the Interim Dip Order, the "**DIP Orders**"), or (iv) the settlement among the Committee, the Debtors and the DIP Lender placed on the record at the Court's hearing to consider final approval of the DIP Credit Agreement, subject to the reservations of rights placed on the record and final documentation (the "**Committee Settlement**"). For clarification, if the Debtors do not comply with their obligations under the DIP Credit Agreement, the DIP Orders, or the Committee Settlement, the DIP Lender (and the Committee or trustee of the GUC Trust (defined below) with respect to the Committee Settlement) shall have, and shall not waive, any and all claims against Debtors for defaulting under the DIP Credit Agreement, DIP Orders, or the Committee Settlement, but the Sale shall remain valid.

U.      <u>Power and Authority</u>.   The Sellers have full power and authority to execute, deliver, and perform each of the Transaction Documents and all other documents necessary and appropriate to effect the Sale approved by this Sale Order, and to perform the Transactions.   No other consents or approvals, other than those expressly provided for in the Transaction Documents and herein, are required for the Sellers to consummate the Sale.

V.      <u>No Successor Liability</u>.   Except with respect to the Assumed Liabilities and for the obligations to pay the consideration for the Purchased Assets as described in this Sale Order, the Agreements, and such other Transaction Documents, the transfer of the Purchased Assets to Purchaser under the applicable Transaction Documents shall not result in Purchaser, or any of its affiliates, successors or assigns, having any liability or responsibility (i) for any Encumbrance or any other obligation of or against the Sellers, and neither Purchaser, nor any of its affiliates, successors and assigns, shall, as a result of the Sale or any action taken in connection with the Sale, be deemed to (a) be a successor (or other similarly situated party) to

Page:       13
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

the Sellers (or any of them) or (b) have, *de facto* or otherwise, merged with or into the Sellers, or (ii) to the Sellers or to third parties except as is expressly set forth in the Transaction Documents. The conveyance of the Purchased Assets pursuant to the Sale does not amount to a consolidation, merger or *de facto* merger of Purchaser and the Sellers or the Sellers' estates. There is not a substantial continuity between Purchaser and Sellers. There is no continuity of enterprise between the Sellers and Purchaser. Purchaser is not a mere continuation of the Sellers or the Sellers' estates. Purchaser does not constitute a successor to the Sellers or the Sellers' estates. For the avoidance of doubt, nothing in the Agreement or in this Order shall release any affiliate or insider of the Purchaser from any Claim or cause of action of Sellers that is an Excluded Asset (for the avoidance of doubt, this sentence shall have no bearing on whether any such Claim or cause of action exists).

    W. <u>Time is of the Essence</u>.  Purchaser may (but shall not be required to) close and consummate the Sale in accordance with the Transaction Documents, notwithstanding that this Sale Order has not become a final order, and, therefore, any party objecting to this Sale Order must exercise due diligence in filing an appeal and obtaining a stay pending such appeal as in the absence of a stay pending appeal, the reversal or modification on appeal of the authorization provided herein to consummate the Sale or any portion thereof shall not affect the validity of the Sale.

    X. <u>Incorporation of Sale Hearing</u>.  All findings of fact and conclusions of law made or announced by the Court at the Sale Hearing are incorporated herein.

**NOW, THEREFORE, IT IS ORDERED THAT**:

    1. <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and

Page:      14
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed and deemed so ordered, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed and deemed so ordered.

2.    Notice.    As evidenced by the affidavits and/or certificates of service previously filed with the Court, and the representations of counsel at the Sale Hearing: (1) under the circumstances of the Chapter 11 Cases, proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, and the Transactions has been provided by the Debtors to all parties entitled to notice and required to receive notice, including under Bankruptcy Rules 2002 and 6004 (including without limitation 6004(a), 6004(c), and 6006(c)); (2) such notice, and the form and manner thereof, was good, sufficient and appropriate under the circumstances; and (3) no other or further notice of the Sale Motion, the Agreement, the Transactions or the Sale Hearing shall be required.

3.    Objections.    All objections and responses, if any, to the Sale Motion, the Agreement or the Transactions that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court or pursuant to the terms of this Sale Order, and all reservations of rights included therein, are hereby overruled on the merits, with prejudice. All persons and entities given notice of the Sale Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

4.    Approval of the Agreement and Transition Services Agreement.    The Agreement, the Transition Services Agreement, in a form acceptable to Purchaser and Sellers, the Sale and all of the terms and conditions and Transactions contemplated in connection with

Page:      15
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

the Agreement are hereby authorized and approved pursuant to, *inter alia*, Bankruptcy Code
sections 105(a) and 363(b).  Pursuant to Bankruptcy Code section 363(b), the Debtors are
authorized to consummate the Transactions pursuant to and in accordance with the terms and
conditions in the Agreement and this Sale Order.  The Sellers, the other Debtors, and their
respective affiliates officers, employees and agents, are authorized to execute and deliver, and
authorized to perform under, consummate and implement, the Agreement together with all
additional instruments and documents that may be reasonably necessary or desirable to
implement the Agreement, and to take all further actions as may be (a) reasonably requested by
Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to
Purchaser, or reducing to possession, the Purchased Assets; or (b) necessary or appropriate to the
performance of the obligations contemplated by the Agreement, all without further order of the
Court.

> 5.      Good Faith.  The Transactions have been undertaken by Purchaser in good
faith. Purchaser satisfies the good faith requirement of Bankruptcy Code section 363(m) and,
accordingly, Purchaser and the Transactions are entitled to all of the protections afforded by
Bankruptcy Code section 363(m). Pursuant to Bankruptcy Code section 363(m), if any or all of
the provisions of this Sale Order are hereafter reversed, modified, or vacated by a subsequent
order of this Court or any other court, such reversal, modification, or vacatur shall not affect the
validity and enforceability of any sale, transfer or assignment under the Agreement or obligation
or right granted pursuant to the terms of this Sale Order, and notwithstanding any reversal,
modification or vacatur shall be governed in all respects by the original provisions of this Sale
Order or the Agreement, as the case may be. The Transactions approved by this Sale Order are

Page:      16
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

not subject to avoidance and no damages may be awarded pursuant to Bankruptcy Code section

363(n).

6.      Payment of Purchase Price.  The Cash Price shall be paid by the Purchaser

directly to the DIP Lender pursuant to the provisions of Section 3.1(c) of the Agreement.  At the

Closing, and without any further action required of Purchaser, the DIP Lender shall effect a

credit in the amount of the Cash Price paid on such date against the amounts currently due and

owing to the DIP Lender by the Sellers and their affiliate borrowers and guarantors under the

DIP Credit Agreement, resulting in a reduction of the DIP Lender's claim in these Chapter 11

Cases.  No cash shall be paid by Purchaser to Sellers at Closing or otherwise, or at any later date.

7.      Transfer of Purchased Assets Free and Clear.

A.      Pursuant to Bankruptcy Code sections 105(a), 363(b) and 363(f), the

Debtors are authorized to transfer the Purchased Assets in accordance with the terms of the

Agreement.  The Purchased Assets shall be transferred to Purchaser, and upon consummation of

the Agreement, such transfer shall (1) be valid, legal, binding and effective; (2) vest Purchaser

with all right, title and interest of the Debtors in the Purchased Assets; and (3) subject to the

Cash Price being paid to the DIP Lender pursuant to the provisions of Section 3.1(c) of the

Agreement, be free and clear of all Encumbrances on the Purchased Assets, with all

Encumbrances on the Purchased Assets that represent interests in property to attach to the

remaining proceeds of the Sale, if any, in the order of their priority and with the same validity,

force and effect that they now have against the Purchased Assets, subject to any rights, claims

and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

Without limiting the generality of the foregoing, Purchaser shall have no liability (including,

without limitation, any successor liability) with respect to the operation of the Business (as

Page:       17
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
            Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
            Authorizing the Assumption and Assignment of Certain Executory Contracts and
            (III) Granting Related Relief

---

defined in the Agreement) prior to the Closing (as defined in the Agreement), including, without

limitation, any liability arising from any of the following: (i) any employment obligation,

including, without limitation, wages, vacation, commission, severance, and health care and

insurance; (ii) any employment or labor agreements, consulting agreements, severance

agreements, change-in-control agreements, or other similar agreements to which the Sellers are

or were a party; (iii) any pension, welfare, medical, compensation, or other employee benefit

plans, agreements, practices, and programs, including, without limitation, any employee stock

benefit plans, employee stock ownership plans, 401(k) plans, and pension plans of the Sellers;

(iv) the cessation of the Sellers' operations, dismissal of employees, or termination of

employment or labor agreements or pension, welfare, compensation or other employee benefit

plans, agreements, practices and programs, and any obligations with respect thereto that arise

from the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor

Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment

Act of 1967, as amended, the Federal Rehabilitation Act of 1973, the National Labor Relations

Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment

and Retraining Notification Act; (v) workers' compensation, occupational disease or

unemployment or temporary disability insurance claims; (vi) environmental liabilities, debts,

claims or obligations which may be asserted on any basis, including, without limitation, under

the Comprehensive Environmental Response, Compensation and Liability Act or any other

environmental, health, and safety requirements; (vii) any bulk sales or similar law; (viii) any

litigation by or against the Sellers; (ix) any federal, state, local and foreign taxes, charges, fees,

imposts, levies or other assessments, including, without limitation, income, gross receipts,

excise, severance, employment, sales, use, transfer, license, payroll, franchise, occupation,

Page:       18
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

premium, windfall profits, environmental, customs duties, capital stock, profits, stamp, withholding, Social Security, unemployment, disability, real property, personal property, registration, value added, alternative or add on minimum, estimated or other taxes, charges, fees, imposts, levies or other assessments, estimated, or any other tax, charge, impost, levy or assessment of any kind whatsoever, including any interest, penalties or additions thereto, whether disputed or not; and (x) the laws of the United States, any state, territory or possession thereof, or the District of Columbia, including any statute, rule, regulation, order, decree, administrative or judicial doctrine or other laws based, in whole or in part, directly or indirectly, in any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.  For the avoidance of doubt, the liabilities set forth in this paragraph are included in the defined term "Encumbrances" for all purposes herein.  Upon the occurrence of the Closing, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets acquired by Purchaser under the Agreement and/or a bill of sale or assignment transferring indefeasible title and interest in the Purchased Assets to Purchaser free and clear of all Encumbrances on the Purchased Assets.  All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Purchased Assets to Purchaser in accordance with the Agreement and this Sale Order.

   B.  Except as otherwise provided in the Agreement, all Governmental Units (as defined in Bankruptcy Code sections 101(27) and 101(41)) and all persons and entities (and their respective successors and assigns), including, without limitation, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, employees, former

Page:       19
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
            Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
            Authorizing the Assumption and Assignment of Certain Executory Contracts and
            (III) Granting Related Relief

---

employees, pension plans, multiemployer pension plans, labor unions, trade creditors and any

other creditors holding Encumbrances on the Purchased Assets (whether legal or equitable,

secured or unsecured, known or unknown, matured or unmatured, contingent or non-contingent,

liquidated or unliquidated, senior or subordinated) arising under or out of, in connection with, or

in any way relating to the Purchased Assets are hereby forever barred, estopped and permanently

enjoined from asserting or pursuing any Encumbrances on the Purchased Assets against

Purchaser, its affiliates, successors or assigns, its property or the Purchased Assets, including,

without limitation, taking any of the following actions with respect to a Claim relating to the

Purchased Assets: (1) commencing or continuing, in any manner, any action or other proceeding

against Purchaser, its affiliates, successors or assigns, assets (including the Purchased Assets) or

properties with respect to any Claim relating to the Purchased Assets; (2) enforcing, attaching,

collecting or recovering, in any manner, any judgment, award, decree, or order against

Purchaser, its affiliates, successors or assigns, assets, or properties with respect to any Claim

relating to the Purchased Assets; (3) creating, perfecting, or enforcing any liens, claims,

encumbrances or other interests against Purchaser, or its affiliates, successors, assigns, assets

(including the Purchased Assets) or properties with respect to any Claim relating to the

Purchased Assets; (4) asserting any setoff, right of subrogation or recoupment of any kind for

any obligation due to Purchaser, or its affiliates, successors or assigns or their respective assets,

including the Purchased Assets, in each case with respect to any Claim relating to the Purchased

Assets; or (5) commencing or continuing any action, in any manner or place, that does not

comply, or is inconsistent with, the provisions of this Sale Order. For the avoidance of doubt,

nothing in the Agreement or in this Sale Order shall impair the pursuit of, or release any affiliate

Page:      20
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

or insider of the Purchaser from, any Claim or cause of action that is an Excluded Asset (this sentence shall have no bearing on whether any such Claim or cause of action exists).

C.      This Sale Order: (1) shall be effective as a determination that, as of the Closing, except as otherwise provided in this Sale Order and the Agreement, all Encumbrances on the Purchased Assets, have been unconditionally released, discharged and terminated as to Purchaser and the Purchased Assets, and that the conveyances and transfers described herein have been effected; and (2) is and shall be binding upon and govern the acts of all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

D.      If any person or entity that has filed financing statements, mortgages, deeds of trust, mechanic's liens, *lis pendens* or other documents or agreements evidencing Encumbrances against the Purchased Assets has not delivered to the Debtors prior to the Closing of the Transactions, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Purchased Assets, then with regard to the Purchased Assets that are purchased by Purchaser pursuant to the Agreement and this Sale Order: (1) the Debtors are hereby authorized, and Purchaser is hereby authorized, to execute and file such statements, instruments,

Page:    21
Debtors:    Kid Brands, Inc., *et al.*
Case No.:    14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

releases and other documents on behalf of the person or entity with respect to the Purchased Assets; and (2) Purchaser is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Encumbrances against the Purchased Assets. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office. Notwithstanding and without limiting the foregoing, the provisions of this Sale Order authorizing the sale and assignment of the Purchased Assets free and clear of Encumbrances on the Purchased Assets and the Excluded Liabilities, shall be self-executing, and neither the Debtors nor Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order.

E.    Following the Closing of the Transactions, no holder of any Claim with respect to the Purchased Assets shall interfere with Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to any such Claim or based on any actions the Debtors may take in their chapter 11 cases.

8.    <u>Assumption and Assignment of Assumed Agreements</u>. The Debtors shall serve notice of potential assumption, assignment and cure to all counterparties under any Assumed Agreement. The Debtors are authorized to assume and assign the Assumed Agreements to Purchaser pursuant to the Agreement (unless a counterparty has filed and serves an objection to potential assumption, assignment and cure on or before the third Business Day following service of same, in which case the subject Assumed Agreement(s) shall not be

Page:      22
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

assumed by the Debtors and assigned to the Purchaser until the objection is resolved by the parties or adjudicated by the Court) and subject to the following provisions:

     A.     Any provision in any of the Assumed Agreements that purports to declare a breach, default, or payment right as a result of the assignment or change of control in respect of the Sellers is unenforceable, but only in connection with the sale to Purchaser. All defaults under the Assumed Agreements arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provision of the kind mentioned in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured upon payment of the Cure Amounts, if any.

     B.     No sections or provisions of any of the Assumed Agreements that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor counterparty to the Assumed Agreements as a result of the Sellers' assumption and assignment to Purchaser of the Assumed Agreements shall have any force and effect with respect to the Transactions and assignments authorized by this Sale Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code, but only in connection with the sale to Purchaser. No assignment of any of the Assumed Agreements pursuant to the terms of the Agreement shall in any respect constitute a default under any of the Assumed Agreements. Upon (a) payment of the applicable Cure Amount, if any; and (b) the assumption and assignment of each respective Assumed Agreement in accordance with the Agreement, and this Sale Order, Purchaser shall enjoy the rights and benefits under the Assumed Agreements.

     C.     Not later than three (3) Business Days prior to the Closing Date, and subject to the limitation set forth in the last sentence of Section 2.4(b) of the Agreement,

Page:       23
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
            Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
            Authorizing the Assumption and Assignment of Certain Executory Contracts and
            (III) Granting Related Relief

---

Purchaser may, but shall not be required to, deliver to Sellers any one or more of: (i) a written notice (the "**Pre-Closing Rejection Notice**") identifying certain executory Contracts (the "**Rejected Executory Contracts**") that will not become Assumed Agreements; and/or (ii) a written notice (the "**Pre-Closing Assumption Notice**") identifying certain executory Contracts (the "**Assumed Executory Contracts**") that will become Assumed Agreements; and/or (iii) a written notice (the "**Pre-Closing Undecided Notice**") identifying certain executory Contracts (the "**Undecided Executory Contracts**") for which Purchaser has elected to receive Designation Rights (defined below). Each Rejected Executory Contract and any Contract listed on Schedule 2.2(a) to the Agreement shall automatically become an Excluded Asset and thereby be excluded from the Purchased Assets, and each executory Contract included in a Pre-Closing Assumption Notice or listed on Schedule 2.1(b)(i) to the Agreement or assumed by Purchaser at the Closing pursuant to the proviso in last sentence of Section 2.4(b) of the Agreement shall automatically become an Assumed Agreement and be included in the Purchased Assets. With respect to any facility or third-party distribution center located at the property that is the subject of a Rejected Executory Contract (each, a "**Rejected Location**"), the Sellers shall have no obligation to ship any Merchandise located at any Rejected Location, provided that any such shipments (which shall be at Purchaser's expense) shall be addressed in the Transition Services Agreement. The Sellers shall be responsible for all costs and expenses under each Rejected Real Property Lease and Rejected Executory Contract, including all operational expenses related to the operation facility of the Seller operating at the Location that is the subject of such Rejected Real Property Lease, pending rejection thereof by the Sellers pursuant to Section 365 of the Bankruptcy Code.

D.      With respect to any executory Contract identified in the Pre-Closing Undecided Notice as an Undecided Executory Contract, Purchaser shall have the right (the

Page:      24
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

"**Designation Rights**"), in its discretion, for a period of up to forty-five (45) days after the Closing Date (the "**Designation Period**"), to specifically include or exclude any such executory Contracts to be assigned to Purchaser as it shall specify in a Designation Notice (defined below) to Sellers, whereupon such executory Contracts shall, to the extent included, become Purchased Assets, Assumed Agreements, and to the extent excluded, shall continue to be Excluded Assets and thereby be excluded from the Purchased Assets; *provided* that such inclusions or exclusions shall not result in a Purchase Price adjustment. The Designation Period may be extended by order of the Bankruptcy Court. For the avoidance of doubt, except as set forth on Schedule 2.1(c) to the Agreement, Purchaser shall not acquire any Designation Rights with respect to Contracts executed by Kid Brands or any Affiliate (other than Sellers) on behalf of the Kid Brands group, even to the extent used in the Business. Any Contract that is not listed on Schedule 2.1(b)(i) to the Agreement, Schedule 2.2(a) to the Agreement, in a Pre-Closing Rejection Notice, or in a Pre-Closing Undecided Notice, shall not become a Purchased Asset or Assumed Agreement, and shall become a Rejected Executory Contract and Excluded Asset; provided, that within three (3) Business Days prior to the Closing Date, Purchaser may deliver to Sellers a list of any executory Contracts that are to be assumed by Purchaser at the Closing, and all such executory Contracts shall become Purchased Assets, Assumed Agreements and shall be assigned to and assumed by Purchaser at the Closing, and title thereto shall pass to Purchaser at the Closing.

      E.      Consequently, and with respect to those executory Contracts identified in the Pre-Closing Undecided Notice:

      (i)      during the Designation Period, each such executory Contract (other than those executory Contracts assumed by Purchaser at the Closing pursuant to the proviso in the last sentence of Section 2.4(b) of the Agreement) shall not be assigned to and assumed by Purchaser, unless, at any time prior to the expiration of the

Page:      25
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

Designation Period, Purchaser files a Designation Notice with the Bankruptcy Court that Purchaser is exercising its Designation Rights to assume such executory Contract, and serves such Designation Notice upon Seller and the counterparty to such executory Contract, in which case such executory Contract shall be, subject to the provisions of Section 2.4 of the Agreement, an Assumed Agreement;

(ii)      during the Designation Period, each such executory Contract (other than those executory Contracts assumed by Purchaser at the Closing pursuant to the proviso in the last sentence of Section 2.4(b) of the Agreement) shall not be assigned to and assumed by Purchaser if at any time prior to the expiration of the Designation Period, Purchaser provides to Sellers (which Sellers may, at their discretion, file with the Bankruptcy Court) a Designation Notice that Purchaser is exercising its Designation Rights to exclude such executory Contract, and such executory Contract shall be, subject to the provisions of Section 2.4 of the Agreement, a Rejected Executory Contract and an Excluded Asset.  At the conclusion of the Designation Period, each such executory Contract (other than those executory Contracts assumed by Purchaser at the Closing pursuant to the proviso in the last sentence of Section 2.4(b) of the Agreement or identified in a Designation Notice) shall become, subject to the provisions of Section 2.4 of the Agreement, a Rejected Executory Contract and an Excluded Asset;

(iii)      during the Designation Period, the Sellers shall not reject any such executory Contracts pursuant to section 365 of the Bankruptcy Code other than those executory Contracts that Purchaser rejects pursuant to Section 2.4(c) of the Agreement in the Designation Period;

(iv)      if Purchaser fails to file a Designation Notice with the Bankruptcy Court prior to the expiration of the Designation Period with respect to any such executory Contract (any such executory Contract sometimes being referred to as an "**Undesignated Asset**"), such Undesignated Assets shall not be assigned to and assumed by Purchaser and shall be deemed Excluded Assets for purposes of the Agreement; and

(v)      With respect to those executory Contracts identified in the Pre-Closing Undecided Notice, Purchaser shall pay all post-Closing costs and expenses under each such executory Contract during the period from the Closing until the date the Purchaser files a notice of non-assumption of such executory Contract (or the date any such executory Contract becomes an Undesignated Asset); *provided, however,* that Purchaser shall perform, or shall cause to be performed, in all material respects any and all obligations of the Sellers arising under any such executory Contract during such period. Any amounts required to be paid, or obligations satisfied, by Purchaser hereunder shall be timely paid or satisfied, as applicable, when such amounts or obligations become due, and shall be paid or satisfied by Purchaser on behalf of the Sellers. Purchaser hereby

Page:       26
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
            Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
            Authorizing the Assumption and Assignment of Certain Executory Contracts and
            (III) Granting Related Relief

---

agrees to defend, indemnify and hold harmless Sellers, and shall reimburse Sellers for, from and against any loss, claim, damage or expense incurred by Sellers, to the extent arising out of or resulting from Purchaser's use of, or performance under, any executory Contract identified in the Pre-Closing Undecided Notice during the period from the Closing until the date the Purchaser files a notice of non-assumption of such executory Contract. For the avoidance of doubt and notwithstanding anything to the contrary in the Agreement, Purchaser shall have no liability of any kind to the Sellers for any costs or expenses that they may incur under any executory Contract not identified in the Pre-Closing Undecided Notice or in respect of any operational expenses relating to any facility or third-party distribution center of the Sellers operating at the Location that is not the subject of such Undecided Executory Contract, except to the extent any such Contract is or becomes an Assumed Agreement.

(vi)    During the Designation Period, the counterparty to any executory Contract, subject to designation rights prior to its assumption or rejection, shall be required to fully perform under said executory Contract in favor of the Purchaser.[5]

F.    There shall be no assumption of any Assumed Agreement absent simultaneous assignment thereof to Purchaser. Purchaser shall be deemed to be substituted for Sellers or any of the Debtors as a party to each of the Assumed Agreements and, pursuant to Bankruptcy Code section 365(k), the Debtors and their estates shall be relieved from any liability for any post-Closing breach of any such Assumed Agreement after assignment of such Assumed Agreement to Purchaser. In accordance with Bankruptcy Code section 365(b)(2) and (f), upon transfer of the Assumed Agreements to Purchaser, (i) Purchaser shall have all of the rights of the Seller or any of the Debtors thereunder, free and clear of all Encumbrances, except as otherwise provided in the Agreement, and each provision of such Assumed Agreements shall remain in full force and effect for the benefit of Purchaser and/or its nominee, notwithstanding any provision in such contract, lease or in applicable law that prohibits, restricts or limits in any way such assignment or transfer; and (ii) none of the Assumed Agreements may be terminated, or the

---

[5]    Purchaser may also request that said performance be rendered in favor of the Debtors as well as Purchaser to the extent necessary in the event that Debtors need to perform their obligations under the Transition Services Agreement.

Page:       27
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
            Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
            Authorizing the Assumption and Assignment of Certain Executory Contracts and
            (III) Granting Related Relief

---

rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the Transactions.

G.      The provisions of the Agreement and the terms thereof with respect to Cure Amounts and the provisions of this paragraph set forth the full extent of Cure Amounts and adequate assurances of future performance required as conditions to assumption and assignment of the Assumed Agreements.  There are no defaults or other obligations of the Debtors under the Assumed Agreements that require cure other than as set forth in the Agreement and herein, and, subject to the provisions of this paragraph, Purchaser has provided adequate assurances of future performance such that the Debtors are authorized to assume the Assumed Agreements and to assign such Assumed Agreements to Purchaser.  Notwithstanding any provision to the contrary in this Sale Order, Debtors shall be responsible for all obligations, which arise between the Petition Date and Closing Date relating to all Contracts and Real Property Leases.

H.      No agreements with Disney are among the Assumed Agreements.

9.      <u>Assignment of Post-Petition Contracts and Purchase Orders</u>.  The Debtors are authorized to assign all post-petition contracts and purchase orders pursuant to the terms of the Agreement.

10.     <u>Licensed Inventory</u>.  Licensed Inventory (as that term is defined in the Transition Services Agreement) shall be treated in accordance with the applicable provisions of the Transition Services Agreement.  Notwithstanding anything in this Sale Order to the contrary, nothing in this Sale Order shall limit or otherwise impair any rights and/or claims of any of the Debtors or Disney under applicable law or any agreement between any of the Debtors and Disney, including but not limited to any claims based on any unauthorized use by the Debtors of trademarks or other intellectual property of Disney.  No Disney inventory is being

Page:      28
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

sold under the Agreement or this Sale Order and all such inventory is an Excluded Asset. Notwithstanding anything to the contrary in the Sale Motion or this Sale Order, no trademarks, intellectual property, goodwill, copyright, design patents, or other property of the William Carter Company ("**Carter's**") will be transferred under the Agreement or in connection with the Sale. Any Carter's-branded inventory currently held by the Debtors (the "**Carter's Inventory**") may be transferred pursuant to this Sale Order to the Purchaser, provided, however, that the Purchaser shall not be permitted to sell or otherwise dispose of the Carter's Inventory unless and until Carter's consents in writing to the assumption and assignment of a license agreement or Carter's otherwise provides express written consent on terms agreeable to Carter's and Purchaser, whether by a license or otherwise (the "**Carter's Consent**").  The Carter's Consent shall be an additional closing condition to Purchaser's obligation to close the Sale. No pre-petition Carter's license agreement may be listed on the Pre-Closing Assumption Notice unless and until Carter's provides express written consent to the inclusion of the license agreement on the Pre-Closing Assumption Notice.  If a Carter's license agreement is listed on the Pre-Closing Undecided Notice, the Purchaser shall not have the right to designate the license agreement in a Designation Notice without Carter's express written consent.  For the avoidance of doubt and notwithstanding anything to the contrary in the Sale Motion or this Sale Order, no Carter's license agreement may be assumed or assigned without Carter's express written consent.  Nothing in this Sale Order shall limit or otherwise impair any rights and/or claims of any of the Debtors or Carter's under applicable law or any agreement between any of the Debtors and Carter's, including but not limited to any claims based on any unauthorized use of trademarks or other intellectual property of Carter's.  Carter's retains its trademark, copyright, or other intellectual property rights in the Carter's Inventory that is subject to this Sale Order.  For the avoidance of doubt, any Carter's

Page:      29
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

Inventory subject to this Sale Order is not being sold free and clear of Carter's trademark and other intellectual property rights, including the right to bring any claims to enforce those rights against the Purchaser.

11.    **No Personally Identifiable Information Being Sold**.    Notwithstanding anything to the contrary in the Sale Motion or the Agreement, no personally identifiable information (as defined in section 101(41A) of the Bankruptcy Code) in the Debtors' possession will be sold or transferred to the Purchaser under the Agreement.

12.    **Access to Books and Records**. The Debtors shall provide the Committee and any trustee of a trust established for the benefit of unsecured creditors (the "**GUC Trust**") access to all books and records of the Debtors and the Sellers, including, without limitation, (i) all documents and communications of any kind, whether physical or electronic, and (ii) all documents, files and other information included under paragraph 2 of Exhibit B to the Transition Services Agreement, subject to reasonable confidentiality restrictions, which are reasonably required to reconcile and object to claims and pursue causes of action on behalf of the Debtors' estates or the GUC Trust; provided that any dispute regarding the provision of the foregoing shall be resolved by the Court. In addition, the Committee and any trustee of the GUC Trust shall be entitled to access records and certain personnel of the Purchaser that is provided to the Debtors under Section 8.7 of the Agreement subject to the reimbursement obligation of Sellers (which shall apply to the Committee or any trustee of the GUC Trust) under Section 8.7 of the Agreement. For the avoidance of doubt, information reasonably required to reconcile and object to Claims and pursue causes of action on behalf of the Debtors' estates or the GUC Trust is information required to facilitate the administration and closing of the Bankruptcy Case as contemplated in Section 8.7 of the Agreement.

Page:      30
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

13.    <u>Permanent Injunction</u>.    This Sale Order shall operate as a permanent injunction prohibiting any party to a contract that has been rejected by any of the Debtors that in any way relates to any of the Purchased Assets from taking any action against Purchaser in connection with the Transactions, whether pursuant to the Bankruptcy Code or any other statutory or non-statutory federal, state or local law.

14.    <u>Operation by Purchaser</u>.    To the maximum extent available under applicable law: (a) Purchaser shall be authorized, as of the Closing, to operate under any license, permit, registration, and any other governmental authorization or approval of the Debtors with respect to the Purchased Assets and the Assumed Agreements; (b) all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to Purchaser as of the Closing; and (c) to the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred or conveyed to Purchaser on account of the filing or pendency of these Chapter 11 Cases or the consummation of the Transactions.

15.    <u>Excluded Assets</u>.    For the avoidance of doubt, and notwithstanding anything to the contrary in the Agreement, Excluded Assets shall include (i) all director and officer, fiduciary, employment practices and similar insurance policies maintained by or on behalf of any Seller and any right, title or interest in or to the proceeds thereof (for the avoidance of doubt, to the extent that any insider of Purchaser is an insured under such policies by virtue of such insider's former affiliation with the Debtors, such inside shall remain as an insured under such policies), (ii) all rights, Claims and causes of action of the Sellers against any director or

Page:      31
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

---

officer of any Seller, and (iii) commercial tort claims (as defined in the Uniform Commercial

Code) of the Sellers that arose prior to Closing.

16.     Committee Notice.   When providing any notice required under this Sale

Order or the Agreement, the Purchaser or Debtors, as applicable, shall simultaneously transmit a

copy of such notice to the Committee's counsel.   Sellers shall also deliver a copy of the Closing

Date Working Capital Balance to the Committee's counsel upon Sellers' receipt of same from

Purchaser.

17.     Enforcement.   The terms and provisions of the Agreement and this Sale

Order, and the transactions contemplated thereby and hereby, shall, as applicable, be specifically

enforceable against and be binding in all respects upon, or shall inure to the benefit of, the

Debtors, their estates, and their creditors, Purchaser, and their respective affiliates, successors

and assigns, and any affected third parties, including all entities asserting Encumbrances against

the Purchased Assets, notwithstanding any subsequent appointment of any trustee, examiner or

receiver of the Debtors under any chapter of the Bankruptcy Code or any other law, and all such

terms and provisions likewise shall be binding on and specifically enforceable against such

trustee, examiner or receiver, and shall not be subject to rejection or avoidance by the Debtors,

their estates, their creditors, any other representatives of their estates, or any trustee, examiner or

receiver.

18.     Effect of Not Closing Transactions.   In the event that the Transactions do

not close, none of the Seller's executory contracts and leases shall be assumed or rejected by

virtue of this Sale Order and shall remain subject to further administration in this case.

Page:      32
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

19.    No Bulk Sales.  No bulk sales law, or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Agreement, the Sale Motion and this Sale Order.

20.    No Interference; Cooperation.  No person shall take any action to prevent, enjoin or otherwise interfere with the consummation of the Sale.  Any and all Purchased Assets in the possession or control of any person or entity, including any vendor, supplier, attorney or employee of the Sellers shall be transferred to Purchaser free and clear of all Encumbrances, and shall be delivered and deemed delivered at the time of Closing to Purchaser.

21.    Authorization and Direction.  The Sellers are authorized and directed to execute and deliver, and empowered to fully perform under, consummate and implement, this Sale Order, the Transaction Documents, including, without limitation, the Agreement, and all documents required by the Transaction Documents to be delivered at the Closing or thereafter.

22.    Effect of Failure to Mention Provisions of Agreement.  The failure to specifically include or make reference to any particular provision of the Transaction Documents, including, without limitation, the Agreement, or any other document contemplated thereby or in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Transaction Documents, including, without limitation, the Agreement, and the other document contemplated thereby are authorized and approved in their entirety.

23.    Retention of Jurisdiction.  This Court shall retain exclusive jurisdiction to, among other things, (a) interpret, enforce and implement the terms and provisions of this Sale Order and the Agreement, all amendments thereto, any waivers and consents thereunder and of each of the agreements executed in connection therewith in all respects; (b) to adjudicate disputes related to this Sale Order or the Agreement or the rights and duties provided hereunder

Page:      33
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo,
           Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II)
           Authorizing the Assumption and Assignment of Certain Executory Contracts and
           (III) Granting Related Relief

_____

or thereunder or any issues relating to the Agreement and this Sale Order including, but not
limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the
status, nature and extent of the Purchased Assets and all issues and disputes arising in connection
with the relief authorized herein, inclusive of those concerning the transfer of the Purchased
Assets free and clear of all Encumbrances against the Purchased Assets; and (c) to enforce the
injunctions set forth herein.

     24.   <u>Modification</u>.   The Agreement may be modified, amended or
supplemented by Purchaser and the Debtors in a writing signed by both parties without further
order of the Court, provided that any such modification, amendment or supplement does not
materially change the terms of the Agreement or modify the express terms of this Sale Order and
subject to the restrictions set forth in Section 11.6 of the Agreement.

     25.   <u>Survival</u>.   Nothing contained in any subsequent order of this Court or any
court of competent jurisdiction in these Chapter 11 Cases (or any order entered after any
conversion of a Chapter 11 Case of the Debtors to a case under chapter 7 of the Bankruptcy
Code) or any chapter 11 plan confirmed in any Debtors' Chapter 11 Cases or any order
confirming any such plan, or any order dismissing any Chapter 11 Case of the Debtors shall
nullify, alter, conflict with, or in any manner derogate from the provisions of this Sale Order or
the Agreement, and the provisions of this Sale Order or the Agreement shall survive and remain
in full force and effect.   For the avoidance of doubt, if the Debtors' Chapter 11 Cases are
converted to cases under chapter 7 of the Bankruptcy Code, this Sale Order or the Agreement
shall be binding on any chapter 7 trustee appointed in such chapter 7 cases.

     26.   <u>Failure to Specify</u>.   The failure specifically to include any particular
provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of

Page:      34
Debtors:   Kid Brands, Inc., *et al.*
Case No.:  14-22582 (DHS)
Caption:   Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

such provision, it being the intent of the Court, the Debtors and Purchaser that the Agreement be authorized and approved in its entirety with such amendments thereto as may be made by the parties in accordance with this Sale Order and the terms of the Agreement.

27.      Non-Severability.  The provisions of this Sale Order are non-severable and mutually dependent.

28.      Automatic Stay.  The automatic stay pursuant to Bankruptcy Code section 362 is hereby lifted with respect to the Debtors to the extent necessary, without further order of this Court, to allow: (a) Purchaser to give the Debtors any notice provided for in the Agreement, and (b) Purchaser to take any and all actions provided under or contemplated by the Agreement in accordance with the terms and conditions thereof.

29.      Order Immediately Enforceable.   Notwithstanding the provisions of Bankruptcy Rules 6004 and 6006 or any applicable provisions of the Local Rules, this Sale Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry.

30.      Further Assurances.  The Debtors are hereby authorized to promptly (a) execute and deliver, or cause to be executed and delivered, all such other documents, agreements and instruments as Purchaser may reasonably request to correct any errors or omissions hereunder, to comply with changes in applicable law and any recordation requirements, or to make any recordings, file any notices, or obtain any consents, as may be necessary or appropriate in connection therewith as contemplated herein, and (b) do all such further lawful and reasonable acts, conveyances and assurances as may be necessary or appropriate to carry out of the intents and purposes of this Sale Order and related Agreement as Purchaser shall reasonably require from time to time.

Page:       35
Debtors:    Kid Brands, Inc., *et al.*
Case No.:   14-22582 (DHS)
Caption:    Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and (III) Granting Related Relief

---

31.    <u>No Broker's Fee</u>.  Purchaser is not and will not be liable to any agent, broker, person or firm acting or purporting to act on behalf of either the Debtors or Purchaser for any commission, broker's fee or finder's fee respecting the Transactions.

32.    <u>Conflicts</u>.  In the event of a direct conflict between the terms of this Sale Order and the terms of the Agreement, the terms of this Sale Order shall govern and control.

33.    <u>No Waiver</u>.  Except as otherwise expressly set forth herein, nothing in this Sale Order shall modify or waive any closing conditions or termination rights in the Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

34.    <u>Asset Purchase Agreement with Crown Crafts Infant Products, Inc</u>.  Upon entry of this Sale Order, the Asset Purchase Agreement by and among Kids Line and CoCaLo, together as Sellers and Crown Crafts Infant Products, Inc. ("**Crown Crafts**"), as Purchaser, dated as of July 24, 2014 (the "**Crown Crafts Agreement**") is of no force and effect; *provided, however,* that the parties shall retain any and all rights under the Crown Crafts Agreement; *provided, further, however,* that any remaining rights Crown Crafts may have under the Crown Crafts Agreement after the Crown Crafts Agreement is no longer of any "force or effect" shall have no impact or effect on the Sale to TG Valentine approved pursuant to this Sale Order.