**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Steven M. Skolnick, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
Anthony De Leo, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Kid Brands, Inc., *et al.*,[1] | Case No. 14-22582 (DHS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THE DEBTORS' EXCLUSIVE PERIODS IN**
**WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

**PLEASE TAKE NOTICE** that on the date hereof, the above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through their undersigned counsel, filed the attached *Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Votes Thereon* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **October 30, 2014 at 10:00 a.m. (Eastern Time)** (the "**Hearing Date**"), or as soon thereafter

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Kid Brands, Inc. (5337); Kids Line, LLC (0448); Sassy, Inc. (9722); I&J Holdco, Inc. (1543); LaJobi, Inc. (1450); CoCaLo, Inc. (3844); and RB Trademark Holdco, LLC (0611). The Debtors' corporate headquarters are located at 301 Route 17 North, 6th Floor, Rutherford, New Jersey 07070.

as counsel may be heard, at the United States Bankruptcy Court, Martin Luther King, Jr. Federal

Building, 50 Walnut Street, Newark, New Jersey, 07102, before the Honorable Donald H.

Steckroth in Courtroom #3B (the "**Court**").

          **PLEASE TAKE FURTHER NOTICE** that the Debtors will rely upon the

Motion and the proposed form of Order submitted therewith.  Oral argument is requested in the

event an objection is timely filed.

          **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

shall (a) conform with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the

Local Bankruptcy Rules for the District of New Jersey (the "**Local** **Rules**"), (b) be filed with the

Court, and (c) pursuant to Local Rule 9013-1(d), shall be served upon the undersigned so as to be

received no later than seven (7) days prior to the Hearing Date.  In the event that no objections

are timely filed, the relief requested in the Motion may be granted without a hearing.


Dated:  September 26, 2014          Respectfully submitted,

                    **LOWENSTEIN SANDLER LLP**

                    /s/  *S. Jason Teele*
                    Kenneth A. Rosen, Esq.
                    Steven M. Skolnick, Esq.
                    S. Jason Teele, Esq.
                    Nicole Stefanelli, Esq.
                    Anthony De Leo, Esq.
                    65 Livingston Avenue
                    Roseland, New Jersey 07068
                    (973) 597-2500 (Telephone)
                    (973) 597-2400 (Facsimile)

                    *Counsel to the Debtors and Debtors-in-Possession*

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Steven M. Skolnick, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
Anthony De Leo, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Kid Brands, Inc., *et al.*,[1] | Case No. 14-22582 (DHS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 30, 2014 at 10:00 a.m. (ET)**<br>**Objection Deadline: October 23, 2014** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THE DEBTORS' EXCLUSIVE PERIODS IN**
**WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

The above-captioned debtors and debtors-in-possession (the "**Debtors**") hereby

submit this motion (the "**Motion**") for entry of an order (i) extending the period during which the

Debtors have the exclusive right to file a plan of reorganization (the "**Exclusive Filing Period**")

from October 16, 2014 through and including **January 14, 2015**, and (ii) extending the period

during which the Debtors have the exclusive right to solicit acceptances of any such plan (the

"**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax
identification number, are: Kid Brands, Inc. (5337); Kids Line, LLC (0448); Sassy, Inc. (9722);
I&J Holdco, Inc. (1543); LaJobi, Inc. (1450); CoCaLo, Inc. (3844); and RB Trademark Holdco,
LLC (0611).  The Debtors' corporate headquarters are located at 301 Route 17 North, 6th Floor,
Rutherford, New Jersey 07070.

**Periods**") from December 15, 2014 through and including **March 16, 2015**, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012 (Simandle, C.J.).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

## BACKGROUND

A.      **General Background.**

3.      On June 18, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  By order dated June 25, 2014, this Court authorized the joint administration of the Chapter 11 Cases.  *See* Docket No. 89.  A detailed description of the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**").  *See* Docket No. 2.

4.      The Debtors are managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no trustee or examiner has been requested or appointed.  On July 2, 2014, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102(a)(1) of the Bankruptcy Code.  *See* Docket No. 112.

5.     On June 20, 2014, the Court entered an *Interim Order Approving Post-Petition Financing, (2) Authorizing Use of Cash Collateral, (3) Granting Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing* [Docket No. 57], as amended on June 24, 2014 at Docket No. 86 (the "**Interim DIP Order**").  Pursuant to the Interim DIP Order, Salus Capital Partners, LLC ("**Salus**") and Sterling National Bank (individually, a "**Secured Party**" and collectively with Salus, the "**Secured Parties**") extended post-petition revolving credit facilities in the aggregate maximum amount of $49 million (the "**DIP Loans**").  The DIP Loans are secured by liens on substantially all the Debtors' assets and are entitled to superpriority administrative status under the Bankruptcy Code.[2]

**B.     Description of the Debtors and their Businesses.**

6.     The Debtors' business was founded in 1963 by Russell Berrie and has been continuously operating since then under various names and forms.  *See* First Day Declaration at ¶¶ 8-13.  As of the Petition Date, the Debtors designed, imported, marketed, and distributed infant and juvenile consumer products through various subsidiaries including Kids Line, LLC ("**Kids Line**"), CoCaLo, Inc. ("**CoCaLo**" and, together with Kids Line, "**Soft Home**"), Sassy, Inc. ("**Sassy**"), and LaJobi, Inc. ("**LaJobi**").  *Id.*

7.     The Debtors' products span a number of categories, including infant bedding and related nursery accessories and décor, nursery appliances, diaper bags, and bath/spa products (Kids Line® and CoCaLo®), nursery furniture and related products (LaJobi®), developmental toys and feeding products, and bath and baby care items with features that address the various stages of an infant's early years, including the Kokopax® line of baby gear products (Sassy®).  These products are sold primarily to retailers in North America and

---

[2]     Pursuant to the Interim DIP Order, the Debtors' pre-petition secured debt obligations were rolled into the DIP Loans upon entry of the Interim DIP Order.  *See* Interim DIP Order at ¶ F(iv).  Thus, the claims of the Debtors' pre-petition secured lenders have been satisfied in full.

Australia, including large, national retailers and independent retailers (including toy, specialty, food, drug, apparel and other retailers).

**C.      Sale of the Debtors' Businesses and Assets.**

8.      Prior to the Petition Date, the Debtors, in conjunction with their investment banking professionals, were extensively engaged in pursuing a sale of their assets. Although potential purchasers expressed interest in certain assets, the parties were ultimately unable to reach an agreement.  As part of their robust post-petition marketing efforts, the Debtors continued discussions with certain parties in conjunction with the sale of all or substantially all of their assets pursuant to section 363 of the Bankruptcy Code.

9.      On July 24, 2014, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Assets of Debtors Kids Line, LLC and CoCaLo, Inc. Free and Clear of Liens, Claims and Encumbrances, Subject to Higher and Better Offers and (II) Granting Related Relief* [Docket No. 175] (the "**Soft Home Sale Motion**").

10.      On July 28, 2014, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Assets of Debtor Sassy, Inc. and Transfer of Certain Assets of Certain Other Debtors Free and Clear of Liens, Claims and Encumbrances, Subject to Higher and Better Offers, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and/or Transfer of Designation Rights, (III) Extending the Deadline to Assume or Reject Unexpired Leases of Non-Residential Real Property and (IV) Granting Related Relief* [Docket No. 185] (the "**Sassy Sale Motion**" and together with the Soft Home Sale Motion, the "**Sale Motions**").

11.      On August 19, 2014, the Court entered the *Corrected Amended Order (I) Authorizing the Sale of Certain Assets of Debtor Sassy, Inc. and Transfer of Certain Assets of Certain Other Debtors Free and Clear of Liens, Claims and Encumbrances, Subject to Higher and Better Offers, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and/or Transfer of Designation Rights, (III) Extending the*

-4-

*Deadline to Assume or Reject Unexpired Leases of Non-Residential Real Property and (IV)
Granting Related Relief* [Docket No. 275] (the "**Sassy** **Sale** **Order**"), pursuant to which Debtor
Sassy, Inc. sold substantially all of its assets to Sassy 14, LLC ("**Sassy** **14**").

12.    On September 8, 2014, the Court entered the *Order (I) Authorizing the
Sale of Certain Assets of Debtors Kids Line, LLC, CoCaLo, Inc. and LaJobi, Inc. Free and Clear
of Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain
Executory Contracts and (III) Granting Related Relief* [Docket No. 333] (the "Soft Home Sale
Order" and together with the Sassy Sale Order, the "**Sale** **Orders**"), pursuant to which Debtors
Kids Line, LLC, CoCaLo, Inc. and LaJobi, Esq. sold certain of their assets to TG Valentine, LLC
("**TG** **Valentine**" and together with Sassy 14, "**Purchasers**").

13.    As of date of this Motion, the Sassy sale has closed and the Kids Line sale
is scheduled to close on September 29, 2014.  The Debtors are currently in the process of
(a) transitioning their businesses to the Sassy and Kids Line purchasers, (b) resolving open issues
in their Chapter 11 Cases, and (c) winding-down their operations.

## RELIEF REQUESTED

14.    By this Motion, the Debtors seek an order: (i) extending the Exclusive
Filing Period from October 16, 2014 through and including January 14, 2015; and (ii) extending
the Exclusive Solicitation Period from December 15, 2015 through and including March 16,
2015,  without prejudice to seek further extensions.  This is the Debtors' first request for an
extension of the Exclusive Periods.

## BASIS FOR RELIEF

15.    Section 1121(b) of the Bankruptcy Code provides for an initial Exclusive
Filing Period of 120 days after the commencement of a chapter 11 case, during which a debtor
has the exclusive right to propose and file a chapter 11 plan.  *See* 11 U.S.C. § 1121(b).  A debtor
that files a plan within the Exclusive Filing Period then has a period of 180 days after the
commencement of the case to obtain acceptance of that plan, during which time competing plans
may not be filed.  *See* 11 U.S.C. § 1121(c)(3).

16.     Courts have observed that the purpose of the Exclusive Periods:

. . . is to make a chapter 11 filing attractive enough to encourage
ailing businesses to seek reorganization without unduly
delaying creditors (citations omitted).   If the chapter 11
provisions did not enable the debtor to remain in control for at
least some period of time, Debtors would likely avoid the
provisions of chapter 11 reorganization until it would no longer
be an effective remedy.

*Matter of Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993), *aff'd*, *FGH Realty Credit Corp. v. Newark Airport/Hotel Ltd. P'ship*, 155 B.R. 93 (D.N.J. 1993) (citing *In re Pine Run Trust, Inc.*, 67 B.R. 432, 434 (Bankr. E.D. Pa. 1986) (relying on H.R. Rep. No. 595, 95th Cong., 2d Sess. 231-232 (1978), reprinted in U.S.C.C.A.N. 1978, pp. 5787, 6191)).   "[T]he point of exclusivity is to promote an environment in which the Debtors' business may be rehabilitated and a consensual plan may be negotiated."   *In re Burns and Roe Enterprises, Inc.*, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005).

17.     Pursuant to section 1121(d) of the Bankruptcy Code, when the initial 120-day and 180-day periods provided for in the Bankruptcy Code prove to be an unrealistic time frame for proposal and solicitation of a plan, the Court may extend those periods for cause, up to a maximum of eighteen months and twenty months, respectively.   *See* 11 U.S.C. § 1121(d); *In re Great Atl. & Pac. Tea Co., Inc.,* Case No. 10-24549 (Bankr. S.D.N.Y. Mar. 10, 2011) (granting initial extension of approximately 140 days); *In re The Majestic Star Casino, LLC*, No. 09-14136 (Bankr. D. Del. Feb. 16, 2011) (granting the fifth extension of the Debtors' exclusivity periods); *In re Gen. Growth Props., Inc.*, Case No. 09-11977 (Bankr. S.D.N.Y. July 28, 2009) (granting initial extension of approximately 200 days); *In re Pilgrim's Pride Corp.*, Case No. 08-45664 (Bankr. N.D. Tex. Mar. 26, 2009) (granting initial extension of approximately 180 days); *In re The Flinkote Company and Flinkote Mines Ltd.*, No. 04-11300 (Bankr D. Del. Apr. 30, 2008) (granting the twelfth extension of the debtors' exclusivity period); *In re Rouge Industries, Inc.*, No. 03-13272 (Bankr. D. Del. Mar. 14, 2008) (extending exclusive filing and solicitation periods); *In re S-Tran Holdings, Inc.*, No. 05-11391 (Bankr. D. Del. Mar. 3, 2008) (extending

exclusivity filing and solicitation periods in chapter 11 liquidation case); *In re Tiro Acquisition, LLC*, No. 04-12938) (Bankr. D. Del. Nov. 3, 2005) (granting fourth motion to extend the exclusivity period and extending the exclusivity period for an additional 90 days in a chapter 11 liquidation case); *In re SFNB Acquisition Corp.*, No. 03-11524 (Bankr. D. Del. Aug. 25, 2004) (granting fifth motion to extent the exclusivity period and extending the period for an additional 120 days in a chapter 11 liquidation case).

18.    Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a Debtors' interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).  In determining whether to grant an extension of the Debtors' exclusive periods in which to file a plan and solicit acceptances, courts have looked to the legislative history of section 1121(d) for guidance.  *See In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) (courts considering an alteration of the exclusivity period must consider the general reason for the enactment of Section 1121).

19.    It is well-established that the decision to extend a Debtors' exclusivity periods is committed to the sound discretion of the Bankruptcy Court and should be based upon the facts and circumstances of a particular case.  *See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006).  In determining whether a debtor has had an adequate opportunity to negotiate a Chapter 11 plan and solicit acceptances thereof, courts consider a variety of factors to assess the totality of circumstances.  *See In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Nicolet, Inc.*, 80 B.R. 733 (Bankr. E.D. Pa. 1987).  In determining whether cause exists for an extension of the

-7-

Exclusive Periods, this Court and others have relied on a variety of factors, each of which may provide sufficient grounds for extending the Exclusive Periods.  Such factors include (i) the size and complexity of the cases, (ii) the necessity of sufficient time to negotiate and prepare a plan, (iii) the existence of good faith progress toward reorganization, (iv) whether the debtors are paying their debts as they come due, (v) whether the debtors have demonstrated reasonable prospects for filing a viable plan, (vi) whether the debtors have made progress in negotiating with creditors, (vii) the length of time the cases have been pending, (viii) whether the debtors are seeking the extension to pressure creditors, and (ix) whether unresolved contingencies exist.  *See In re Cent. Jersey Airport Servs.*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re R.G. Pharm, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007); *In re Service Merchandise Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000); *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Crescent Mfg.*, 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990); *In re McLean Indus. Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

20.    Not all factors are relevant to every case, and courts frequently use a subset of the relevant factors to determine whether cause to grant an exclusivity extension exists in a particular chapter 11 case.  *See, e.g., Express One Int'l*, 194 B.R. at 100 (identifying four of the factors as relevant in determining whether "cause" exists to extent exclusivity); *In re Interco Inc.*, 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) (denying motion to terminate exclusivity on the basis of four supporting factors); *In re Untied Press Int'l, Inc.*, 60 B.R. 265, 256 (Bankr D. D.C. 1986) (finding the debtor showed "cause" to extend exclusivity based upon three of the factors).

21.    Considering the above factors, the Debtors submit that ample cause exists to extend the Exclusive Filing Period through and including January 14, 2015, and the Exclusive Solicitation Period through and including March 16, 2015, without prejudice to the Debtors' right to seek further extensions for cause shown.

22.    Since the Petition Date, the Debtors have been working diligently with all parties-in-interest to stabilize their businesses, obtain postpetition financing, operate in the ordinary course of business, and sell their businesses and assets, all of which has consumed most

-8-

of the Debtors' time and efforts to date, and has prevented the Debtor from formulating a plan. At the same time, as the Court and parties are aware, during the initial Exclusive Periods, the Debtors have sought and obtained relief under various motions filed with Court. The Debtors undertook a comprehensive marketing process seeking going-concern buyers for their businesses. Since filing these Chapter 11 Cases, the Debtors have sold substantially all of the assets of Debtors Sassy, Inc., Kids Line, LLC, CoCaLo, Inc., and certain intellectual property and inventory of LaJobi, Inc.

23.    In addition to the foregoing, the Debtors filed their schedules of assets and liabilities and statement of financial affairs and participated in the meeting of creditors required under section 341 of the Bankruptcy Code. Moreover, the Debtors have been paying and intend to continue to pay all post-petition obligations when due. In addition, the Debtors intend to comply with all requirements under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Rules of this Court. Through prudent business decisions and cash management, the Debtors are working diligently to preserve and maximize the value of their assets for the benefit of their creditors and stakeholders.

24.    This is the Debtors' first request for an extension of the Exclusive Periods and the requested extension is reasonable. The Debtors are not seeking this extension to delay the chapter 11 process for some speculative event or to pressure creditors to accede to a plan that is unsatisfactory to them. On the contrary, the Debtors are pursuing an orderly liquidation of their businesses to ensure an efficient wind-down of their affairs that will maximize the value realized by their estates. Accordingly, the Debtors believe that it would be premature to file a plan at this juncture.

25.    Affording the Debtors a meaningful opportunity to formulate a plan through an extension of the Exclusive Periods will not harm or prejudice the Debtors' creditors or other parties-in-interest. Rather, an extension of the Exclusive Periods will increase the likelihood of a greater distribution to the Debtors' creditors by facilitating an orderly, efficient, and cost-effective plan process for the benefit of all creditors.

26.     As described above, the Exclusive Periods are designed to provide a full and fair opportunity for the Debtors to stabilize their business and pursue the restructuring options available in chapter 11 to maximize the value realized by their estates.  The Debtors have made and continue to make significant progress in selling their assets in an orderly fashion and liquidating their businesses.  The Debtors firmly believe that extending the Exclusive Periods will permit the plan process to proceed in a rational and thoughtful fashion, maximize value for all parties-in-interest, and enable the Debtors to formulate a consensual chapter 11 plan with input from various stakeholders.

27.     For all of the aforementioned reasons, the Debtors submit that cause exists to extend the Exclusive Periods as requested herein.

## WAIVER OF MEMORANDUM OF LAW

28.     Because the legal points and authorities upon which the Debtors rely are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-2 be deemed waived.

## NO PRIOR REQUEST

29.     No previous motion for the relief sought herein has been made to this or to any other court.

## NOTICE

30.     Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the Committee, c/o Kelley Drye & Warren LLP, Attn: Eric R. Wilson, Esq. and Kristin S. Elliott, Esq., 101 Park Avenue, New York, NY 10178; (iii) counsel for the Prepetition Senior Lender and DIP Lender, c/o Choate, Hall & Stewart LLP, Attn: John F. Ventola, Esq., Two International Place, Boston, MA 02110; (iv) those parties listed on the Debtors' Core Service List; and (v) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to

-10-

Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that this Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated:  September 26, 2014                    Respectfully submitted,

                                              **LOWENSTEIN SANDLER LLP**

                                              /s/  *S. Jason Teele*
                                              Kenneth A. Rosen, Esq.
                                              Steven M. Skolnick, Esq.
                                              S. Jason Teele, Esq.
                                              Nicole Stefanelli, Esq.
                                              Anthony De Leo, Esq.
                                              65 Livingston Avenue
                                              Roseland, New Jersey 07068
                                              (973) 597-2500 (Telephone)
                                              (973) 597-2400 (Facsimile)

                                              *Counsel to the Debtors and Debtors-in-Possession*