**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Steven M. Skolnick, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
Anthony De Leo, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)

*Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Kid Brands, Inc., *et al.*,[1] | Case No. 14-22582 (MBK) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: January 29, 2015 at 2:00 p.m.<br>Objection Deadline: January 22, 2015 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER COMPELLING ECHANNEL SOLUTIONS, INC. TO TURN OVER PROPERTY OF DEBTOR LAJOBI, INC.'S BANKRUPTCY ESTATE AND GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (each a "**Debtor**" and collectively, the "**Debtors**"), by and through their undersigned counsel hereby submit this motion (the "**Motion**")[2] for entry of an Order compelling EChannel Solutions, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Kid Brands, Inc. (5337); Kids Line, LLC (0448); Sassy, Inc. (9722); I&J Holdco, Inc. (1543); LaJobi, Inc. (1450); CoCaLo, Inc. (3844); and RB Trademark Holdco, LLC (0611). The Debtors' corporate headquarters are located at 301 Route 17 North, 6th Floor, Rutherford, New Jersey 07070.

[2] To the extent the Court determines that this Motion must proceed by way of adversary proceeding, the Debtors request that this Motion be treated as an adversary complaint under Fed. R. Bankr. P. 7001.

("**EChannel**") to turn over property of Debtor LaJobi, Inc.'s ("**LaJobi**") bankruptcy estate. In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference dated September 18, 2012* (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are sections 105(a), 541 and 542 of title 11 of the United States Code (the "**Bankruptcy Code**"), the applicable Federal Rules of Bankruptcy Procedure and the applicable Local Bankruptcy Rules for the District of New Jersey.

## BACKGROUND

3. On June 18, 2014 (the "**Petition Date**"), each of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). By order dated June 25, 2014, the Court authorized the joint administration of the Chapter 11 Cases. *See* Docket No. 89.

4. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee or examiner has been requested or appointed.

5. On July 2, 2014, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 112.

6. Additional background facts surrounding the commencement of these Chapter 11 Cases are set forth in the Declaration in Support of the Debtors' Petition and First Day Motions [Docket No. 2] (the "**First Day Declaration**").

7. EChannel is a former customer of LaJobi. Prior to the Petition Date, EChannel purchased goods from LaJobi. The goods were delivered to EChannel and EChannel was invoiced therefor. Despite numerous attempts by LaJobi to collect payment from EChannel on account of the aforementioned invoices, EChannel has refused or failed to remit payment to LaJobi in breach of its obligation to do so. The total amount due from EChannel is $61,502.88 (the "**Accounts Receivable**"). A statement of account evidencing EChannel's liability for the Accounts Receivable is attached hereto as **Exhibit A**.

8. Upon information and belief, none of the invoices for goods sold to EChannel are disputed by EChannel and all sums therein stated are due and owing. The funds due on account of the invoices are property of LaJobi's bankruptcy estate.

9. EChannel's failure or refusal to turn over funds to LaJobi on account of the invoices constitutes a breach of EChannel's duty to pay LaJobi.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order (i) compelling EChannel to turn over property of LaJobi's bankruptcy estate and (ii) granting related relief.

## BASIS FOR RELIEF

11. The filing of a bankruptcy petition creates an estate that consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(a)(1) draws into the estate all of a debtor's interests in property as of the date the debtor files a bankruptcy petition, regardless of whether such property is in the debtor's possession or in the custody of a third party. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205-06 (1983).

12. Section 542(a) of the Bankruptcy Code requires an entity in control of property that the debtor can "use, sell, or lease under section 363" to turn the property over to the debtor. 11 U.S.C. § 542(a); *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 755-56 (D.N.J. 2013). Turnover "is intended as a remedy to obtain what is acknowledged to be property of the bankruptcy estate. . . . Implicit in the bankruptcy concept of turnover is the idea that the property

being sought is clearly property of the Debtor but not in the Debtor's possession." *Amerinox*, 492 B.R. at 755-56 (citations and internal quotation marks omitted). A debtor's accounts receivable constitute property of the debtor's bankruptcy estate. *See In re Midway, Inc.*, 166 B.R. 585, 590 (Bankr. D.N.J. 1994).

13. The Accounts Receivable are of significant value and benefit to LaJobi's estate and must be turned over to LaJobi forthwith pursuant to section 542 of the Bankruptcy Code. Accordingly, the Court should enter an order compelling EChannel to turn over property sufficient to satisfy the Accounts Receivable immediately.

## WAIVER OF MEMORANDUM OF LAW

14. Because the legal points and authorities upon which the Debtors rely are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-2 be deemed waived.

## NO PRIOR REQUEST

15. No previous motion for the relief sought herein has been made to this or to any other court.

## NOTICE

Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the Committee, Kelley, Drye & Warren LLP, Attn: Eric R. Wilson, Esq., 101 Park Avenue, New York, NY 10178; (iii) counsel to the Prepetition Senior Lender and DIP Lender, c/o Choate, Hall & Stewart LLP, Attn: John F. Ventola, Esq., Two International Place, Boston, MA 02110; (iv) those parties listed on the Debtors' Core Service List; (v) EChannel; and (vi) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

-5-

**WHEREFORE**, the Debtors respectfully request that this Court: enter an Order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated:  January 6, 2015                              Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/  *Nicole Stefanelli*
Kenneth A. Rosen, Esq.
Steven M. Skolnick, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
Anthony De Leo, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)

*Counsel to the Debtors and Debtors-in-Possession*